■ SUSAN GOLDFARB et al., Respondents, v ST. CHARLES HOSPITAL & REHABILITATION CENTER et al., Respondents, and EDWARD BORDEN, Appellant. [769 NYS2d 575]—

In an action, inter alia, to recover damages for medical malpractice, etc., the defendant Edward Borden appeals from so much of an order of the Supreme Court, Suffolk County (Tanenbaum, J.), dated June 20, 2002, as denied his motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against him.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is granted, the complaint and all cross claims are dismissed insofar as asserted against the defendant Edward Borden, and the action against the remaining defendants is severed.

While conducting a laparoscopy on the plaintiff Susan Goldfarb (hereinafter the plaintiff), Dr. Michael Arato inserted into the plaintiff's abdomen a trochar, a sharp instrument used to insert a laparoscope into the abdomen. Immediately after doing so, Dr. Arato noticed heavy internal bleeding, converted the procedure to a laparotomy, and was able to stop the bleeding, using sutures and clips. Dr. Arato sought the assistance of another surgeon and attempted to locate the source of the bleeding, but the two doctors were unable to reach a definitive conclusion. Dr. Arato then summoned the appellant, the defendant Dr. Edward Borden, a general surgeon, who inspected the operative site and identified a punctured artery as the source of the bleeding. Dr. Borden recommended consulting a vascular surgeon, who arrived a short time later and repaired the artery, with Dr. Arato and Dr. Borden acting as surgical assistants.

The plaintiff and her husband brought this action against each of the surgeons, the hospital in which the surgery was performed, and the manufacturer of the Versaport trochar, the model used during the plaintiff's operation, alleging, inter alia, medical malpractice resulting in internal injuries to the plaintiff. Dr. Borden moved for summary judgment dismissing the complaint and all cross claims insofar as against him, asserting, inter alia, that he played no role in causing the plaintiff's injury. The Supreme Court, inter alia, denied Dr. Borden's motion. We reverse the order insofar as appealed from.

In support of his summary judgment motion, Dr. Borden submitted evidence sufficient to establish a prima facie entitlement to summary judgment. In response to the motion, the plaintiffs submitted no evidence tending to show that Dr. Borden

caused the puncture of the plaintiff's artery (*see Zuckerman v City of New York,* 49 NY2d 557 [1980]; *Kramer v Rosenthal,* 224 AD2d 392 [1996]). Indeed, the plaintiffs now concede that Dr. Borden was not responsible for that injury, which occurred before he arrived in the operating room.

However, in response to Dr. Borden's motion, the plaintiffs presented an alternative theory of liability based on a letter to the manufacturer of the Versaport trochar, dated 11 weeks after the plaintiff's surgery, in which Dr. Borden, in his capacity as Chairman of the Surgical Review Committee of the hospital where the operation took place, reported the incident involving the plaintiff and described possible problems with the Versaport trochar that Dr. Borden had observed. The plaintiffs' theory that Dr. Borden's letter demonstrates that he was aware of a defect in the Versaport trochar prior to the plaintiff's surgery, and nonetheless allowed that type of trochar to be used in surgical procedures performed in the hospital, rests on nothing more than speculation, which was insufficient to defeat the motion for summary judgment (*Alvarez v Prospect Hosp.,* 68 NY2d 320, 327 [1986]; *Shapiro v Health Ins. Plan of Greater N.Y.,* 7 NY2d 56, 63 [1959]).

Under these circumstances, the Supreme Court should have granted Dr. Borden's motion for summary judgment.

The plaintiffs' remaining contentions are without merit. Altman, J.P., Florio, Luciano and Rivera, JJ., concur.