■ CATHERINE HAZELL, Appellant, v RICHARD DRANITZKE et al., Respondents, et al., Defendant. [848 NYS2d 261]—In a action to recover damages for personal injuries and wrongful death, the plaintiff Catherine Hazell, individually and as administratrix of the estate of Basil Hazell, appeals from (1) an order of the Supreme Court, Suffolk County (Pines, J.), dated September 27, 2006, which granted the separate motions of the defendants Richard Dranitzke and St. Charles Hospital and Rehabilitation Center for summary judgment dismissing the complaint insofar as asserted against them, and (2) a judgment entered November 9, 2006, upon the order, which is in favor of those defendants and against her, dismissing the complaint insofar as asserted against them.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the respondents.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on appeal from the order are brought up for review and have been considered on appeal from the judgment (*see* CPLR 5501 [a] [1]).

In opposition to the prima facie demonstrations by the defendants Dr. Richard Dranitzke and St. Charles Hospital and Rehabilitation Center (hereinafter St. Charles) of their entitlement to summary judgment, the plaintiff failed to raise a triable issue of fact (*see Bowman v Chasky*, 30 AD3d 552, 552-553 [2006]; *see also Zuckerman v City of New York*, 49 NY2d 557, 563 [1980]). Therefore, the Supreme Court properly granted summary judgment to Dranitzke on the plaintiff's cause of action alleging that he negligently performed a left carotid endarterectomy, hemashield patch, and angioplasty operation and negligently failed to secure the plaintiff's decedent during a CT scan, and also properly granted summary judgment to St. Charles on the plaintiff's cause of action alleging that the hospital personnel negligently failed to secure the decedent dur-

ing a CT scan (*see Zuckerman v City of New York,* 49 NY2d at 564).

The plaintiff's contention invoking res ipsa loquitur is not properly before this Court, as this contention was not raised in the Supreme Court or in the plaintiff's main brief (*see Krzyanowski v Eveready Ins. Co.,* 28 AD3d 613 [2006]).

Motion by the defendant St. Charles Hospital and Rehabilitation Center on an appeal from a judgment of the Supreme Court, Suffolk County, entered November 9, 2006, to strike point two of the plaintiff's reply brief on the ground that it improperly invokes res ipsa loquitur, which was not raised in the Supreme Court or in the plaintiff's main brief. By decision and order on motion dated September 25, 2007, the motion was held in abeyance, and was referred to the Justices hearing the appeal for determination upon the argument or submission of the appeal.

Upon the papers filed in support of the motion, the papers filed in opposition thereto, and upon the argument of the appeal, it is

Ordered that the motion is denied as academic. Crane, J.P., Rivera, Angiolillo and Dickerson, JJ., concur.