■ Maryum Shahid, Respondent, v New York City Health & Hospitals Corporation, Defendant, and Bum Y. Park, Appellant. [850 NYS2d 519]—

In an action to recover damages for medical malpractice, the defendant Bum Y. Park appeals from an order of the Supreme Court, Queens County (Elliot, J.), dated May 4, 2006, which denied his motion for summary judgment dismissing the complaint insofar as asserted against him.

Ordered that the order is reversed, on the law, with costs, and the motion of the defendant Bum Y. Park for summary judgment dismissing the complaint insofar as asserted against him is granted.

On November 11, 1999 the 26-month-old plaintiff was seen by the defendant doctor Bum Y. Park, who diagnosed viral tonsillitis and prescribed medications to alleviate her symptoms. Later that day, the plaintiff developed additional symptoms and was admitted to Elmhurst Hospital Center (hereinafter Elmhurst) on November 12, 1999. The admitting diagnosis was pneumonia

based upon a chest X-ray and blood test. During the plaintiff's 13-day hospital stay, various antibiotic treatments were administered. Shortly after the plaintiff's discharge from the hospital on November 24, 1999 her mother noticed that the plaintiff did not respond to speech and sound, indicating hearing loss, which was ultimately determined to be complete and permanent.

In 2002 the plaintiff, by her mother, commenced the instant action against the defendant New York City Health & Hospitals Corporation, alleging negligent failure to diagnose and treat meningitis, causing the plaintiff's permanent hearing loss. In 2005, after Park was deposed as a nonparty witness, the plaintiff filed an amended complaint adding him as a defendant and alleging that he negligently failed to test for meningitis during the plaintiff's office visit on November 11, 1999. The Supreme Court denied Park's motion for summary judgment dismissing the complaint insofar as asserted against him, holding that conflicting expert medical opinion evidence raised a triable issue of fact. We reverse.

On a motion for summary judgment in a medical malpractice action, a defendant doctor has the burden of establishing the absence of any departure from good and accepted medical practice, or that the plaintiff was not injured thereby (*see Rebozo v Wilen*, 41 AD3d 457, 458 [2007]; *Thompson v Orner*, 36 AD3d 791, 791-792 [2007]; *Williams v Sahay*, 12 AD3d 366, 368 [2004]). Here, Park established his prima facie entitlement to judgment as a matter of law by submitting the affidavit of a medical expert who opined, to a reasonable degree of medical certainty, that Park's examination and treatment of the plaintiff on November 11, 1999 did not depart from accepted standards of medical practice and that the plaintiff's hearing loss was not causally related to treatments rendered by Park.

Once Park made this prima facie showing, the burden shifted to the plaintiff to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). A physician's affidavit in opposition to a motion for summary judgment must attest to the defendant's departure from accepted practice, which departure was a competent producing cause of the injury (*see Rebozo v Wilen*, 41 AD3d at 458, *Domaradzki v Glen Cove Ob/ Gyn Assoc.*, 242 AD2d 282 [1997]). General and conclusory allegations unsupported by competent evidence are insufficient to defeat a motion for summary judgment (*see Alvarez v Prospect Hosp.*, 68 NY2d at 325; *Thompson v Orner*, 36 AD3d at 792; *DiMitri v Monsouri*, 302 AD2d 420, 421 [2003]).

Here, the plaintiff's expert opined that, had Park conducted a

proper examination in his office on November 11, 1999 he would have detected more definitive symptoms of meningitis which would have required immediate transfer of the plaintiff to the hospital for a spinal tap, which would have resulted in a firm diagnosis of meningitis and timely antibiotic therapy to salvage the plaintiff's hearing. The expert's opinion was based upon a string of assumptions not supported by facts in the record and thus did not raise a triable issue of fact as to whether Park's examination and treatment of the plaintiff was a competent producing cause of her injuries (*see Thompson v Orner*, 36 AD3d at 792). Accordingly, Park's motion for summary judgment dismissing the complaint insofar as asserted against him should have been granted. Skelos, J.P., Santucci, Lifson and Carni, JJ., concur.