■ Florence Germaine, Respondent, v Stanley Yu, Defendant, and Adam J. Singer, Appellant. [854 NYS2d 730]—

On September 15, 2002, shortly before noon, the plaintiff appeared at the emergency room of the Stony Brook University Hospital (hereinafter the hospital) complaining of abdominal pain, nausea, and constipation. The defendant Adam J. Singer (hereinafter the defendant), an attending physician, examined the plaintiff at approximately 12:45 P.M. Stanley Yu, the resident assigned to the plaintiff, examined her at approximately 1:00 P.M. Several tests were ordered.

At 4:00 P.M., before the tests were completed, the defendant's shift ended and he left the hospital. Almost five hours later, after additional testing was ordered and completed, the plaintiff was discharged from the hospital, with a diagnosis of diverticulitis. Three days later, she was admitted to St. Catherine Siena Medical Center, where she was diagnosed with peritonitis and a perforated sigmoid colon, and underwent surgery.

The plaintiff subsequently brought this action seeking damages for medical malpractice against the defendant and Yu. She alleged that the decision to discharge her and the defendant's inadequate supervision of Yu constituted departures from accepted medical practice and proximately caused her subsequent hospitalization and surgery. The defendant moved for summary judgment dismissing the complaint insofar as asserted against him. The Supreme Court denied the motion. We reverse.

"On a motion for summary judgment in a medical malpractice action, a defendant doctor has the burden of establishing the absence of any departure from good and accepted medical practice, or that the plaintiff was not injured thereby" (*Shahid v New York City Health & Hosps. Corp.*, 47 AD3d 800, 801 [2008]). As the plaintiff correctly concedes and the Supreme Court found, the defendant established his prima facie entitlement to judgment as a matter of law. The defendant demonstrated that, when he left the hospital, he transferred responsibility for the care of the plaintiff to another attending physician, and thus was not responsible for any departures from accepted medical practice that occurred thereafter in either the supervision of Yu or the decision to discharge the plaintiff (*see Goldfarb v St. Charles Hosp. & Rehabilitation Ctr.*, 2 AD3d 579, 580-581

[2003]; *Arias v Flushing Hosp. Med. Ctr.,* 300 AD2d 610 [2002]; *Kenny v Parkway Hosp.,* 281 AD2d 596 [2001]).

In opposition to the motion, the plaintiff failed to raise a triable issue of fact (*see Shahid v New York City Health & Hosps. Corp.,* 47 AD3d 800 [2008]; *Hazell v Dranitzke,* 46 AD3d 619 [2007]). The affidavit of the plaintiff's expert, which cited as departures the decision to discharge the plaintiff and a failure to adequately supervise Yu in connection with the plaintiff's care, failed to address the evidence that the defendant had transferred responsibility for the plaintiff's care to another attending physician almost five hours before the plaintiff was discharged from the hospital (*see Goldfarb v St. Charles Hosp. & Rehabilitation Ctr.,* 2 AD3d at 580-581). Moreover, the plaintiff failed to raise a triable issue of fact as to whether the defendant in fact transferred responsibility for the plaintiff's care to another attending physician (*see Zuckerman v City of New York,* 49 NY2d 557, 562-563 [1980]). Accordingly, the defendant's motion for summary judgment dismissing the complaint insofar as asserted against him should have been granted. Fisher, J.P., Dillon, McCarthy and Belen, JJ., concur. [*See* 2007 NY Slip Op 31488(U).]