■ Maria Swezey, Respondent, v Montague Rehab & Pain Management, P.C., et al., Defendants, and East Coast Acupuncture Services, P.C., et al., Appellants. [872 NYS2d 199]—

In a consolidated action to recover damages for medical malpractice, the defendants East Coast Acupuncture Services, P.C., and John Iozzio appeal, and the defendant Carlos A. Garcia, and the defendants Chun-Yuan Li and Raksana Khanukaeva separately appeal, as limited by their respective briefs, from so much of an order of the Supreme Court, Queens County (Kitzes, J.), entered December 26, 2007, as denied their respective motions for summary judgment dismissing the complaint insofar as asserted against each of them, and the defendants Michael Genco Chiropractic, P.C., and Michael Genco, D.C., P.C., separately appeal, as limited by their brief, from so much of the same order as denied that branch of their separate motion which

was for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is reversed insofar as appealed from by the defendants East Coast Acupuncture Services, P.C., and John Iozzio, and separately appealed from by the defendants Chun-Yuan Li and Raksana Khanukaeva and the defendants Michael Genco Chiropractic, P.C., and Michael Genco, D.C., P.C., on the law, and the respective motions of the defendants East Coast Acupuncture Services, P.C., and John Iozzio, and the defendants Chun-Yuan Li and Raksana Khanukaeva for summary judgment dismissing the complaint insofar as asserted against each of them, and that branch of the separate motion of the defendants Michael Genco Chiropractic, P.C., and Michael Genco, D.C., P.C., which was for summary judgment dismissing the complaint insofar as asserted against them are granted; and it is further,

Ordered that the order is affirmed insofar as separately appealed from by the defendant Carlos A. Garcia; and it is further,

Ordered that one bill of costs is awarded to the defendants East Coast Acupuncture Services, P.C., and John Iozzio, the defendants Chun-Yuan Li and Raksana Khanukaeva, and the defendants Michael Genco Chiropractic, P.C., and Michael Genco, D.C., P.C., appearing separately and filing separate briefs, payable by the plaintiff; and it is further,

Ordered that one bill of costs is awarded to the plaintiff payable by the defendant Carlos A. Garcia.

The plaintiff underwent surgery on November 1, 1999 to remove a needle that was lodged in the right ventricle of her heart. The needle was revealed by a chest X ray which was taken after the plaintiff sought medical treatment at Elmhurst Hospital. Following her surgery, the plaintiff commenced an action against various chiropractors and acupuncturists, including the defendants East Coast Acupuncture Services, P.C. (hereinafter East Coast), John Iozzio, Chun-Yuan Li, Raksana Khanukaeva, and Michael Genco Chiropractic, P.C., and Michael Genco, D.C., P.C. (hereinafter together the Genco corporations), alleging, inter alia, that they had negligently caused an acupuncture or EMG needle to become lodged in her chest. The plaintiff also commenced a second action, later consolidated with the first, against several physicians, including the defendant Carlos A. Garcia, alleging, inter alia, that he misdiagnosed and mismanaged her medical complaints. East Coast and Iozzio, Li and Khanukaeva, the Genco corporations, and Garcia all thereafter separately moved for summary judgment dismissing the complaint insofar as asserted against each of them.

The Supreme Court properly denied Garcia's motion for summary judgment dismissing the complaint insofar as asserted against him. "On a motion for summary judgment in a medical malpractice action, a defendant doctor has the burden of establishing the absence of any departure from good and accepted medical practice, or that the plaintiff was not injured thereby" (*Germaine v Yu*, 49 AD3d 685, 686 [2008], quoting *Shahid v New York City Health & Hosps. Corp.*, 47 AD3d 800, 801 [2008]). If the defendant doctor sustains this burden, in order to defeat summary judgment "a plaintiff must submit a physician's affidavit of merit attesting to a departure from accepted practice and containing the attesting doctor's opinion that the defendant's omissions or departures were a competent producing cause of the injury" (*Domaradzki v Glen Cove Ob/Gyn Assoc.*, 242 AD2d 282 [1997]; *see Holbrook v United Hosp. Med. Ctr.*, 248 AD2d 358, 359 [1998]). Garcia made a prima facie showing of his entitlement to judgment as a matter of law through his own affidavit, in which he averred that his evaluation and treatment of the plaintiff was in accord with accepted medical standards and that any alleged deviation was not a proximate cause of her injury (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 325 [1986]; *Videnovic v Goodman*, 54 AD3d 937 [2008]; *Breland v Jamaica Hosp. Med. Ctr.*, 49 AD3d 789, 790 [2008]).

In opposition, the plaintiff raised a triable issue of fact by submitting the affidavit of an expert who opined, to a reasonable degree of medical certainty, that Garcia departed from good and accepted medical practice in his care and treatment of the plaintiff, and that the departure was a proximate cause of the damages alleged (*see Videnovic v Goodman*, 54 AD3d 937 [2008]; *Breland v Jamaica Hosp. Med. Ctr.*, 49 AD3d 789 [2008]). The plaintiff's expert concluded that in light of the plaintiff's complaints of chest pain and tightness, Garcia departed from good and accepted medical practice by failing either to follow up with respect to the results of a chest X ray taken by a physician within the same medical center approximately one day before he treated her or to order a chest X ray when he treated her. Further, the expert opined that if Garcia had followed up on the results of the previous chest X ray or ordered another one, the needle would have been revealed. Accordingly, the Supreme Court properly denied Garcia's motion.

However, the Supreme Court should have granted the separate motions of East Coast and Iozzio, and of Li and Khanukaeva (hereinafter together the acupuncture defendants). The acupuncture defendants established their prima facie entitle-

ment to judgment as a matter of law by submitting evidentiary proof that the needles utilized during the plaintiff's acupuncture treatment were composed of stainless steel and were approximately 0.22 to 0.25 millimeters in diameter, which was smaller than the needle removed from the plaintiff's heart. The acupuncture defendants also submitted an affidavit from a metallurgical engineer who tested the needle removed from the plaintiff's heart and concluded, based on its chemical composition and diameter, that it was not an acupuncture needle.

In opposition, the plaintiff failed to raise a triable issue of fact (*see Rebozo v Wilen*, 41 AD3d 457, 459 [2007]; *Bowman v Chasky*, 30 AD3d 552, 553 [2006]). The conclusory affidavit of the plaintiff's expert lacked factual support and failed to address the results of the scientific testing performed by the acupuncture defendants' expert and the expert's conclusion that the foreign object removed from the plaintiff was different in chemical composition and diameter from the acupuncture needles they used in rendering acupuncture treatment to the plaintiff. Accordingly, the Supreme Court should have granted the respective motions of East Coast and Iozzio, and Li and Khanukaeva for summary judgment dismissing the complaint insofar as asserted against each of them (*see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]).

Since the plaintiff's claim against the Genco corporations is predicated solely on their alleged vicarious liability for the alleged negligence of the acupuncture defendants, the Genco corporations were also entitled to summary judgment.

The parties' remaining contentions are without merit or have been rendered academic by our determination Skelos, J.P., Dillon, Angiolillo and Eng, JJ., concur.