■ STERLING INVESTOR SERVICES, INC., Respondent, v 1155 NOBO ASSOCIATES, LLC, Appellant. [886 NYS2d 52]—In an action, inter alia, for a judgment declaring that the plaintiff was

actually partially evicted from portions of certain leased premises, the defendant appeals from a judgment of the Supreme Court, Nassau County (Martin, J.), entered August 4, 2008, which, upon a decision dated June 11, 2008, made after a nonjury trial, is in favor of the plaintiff and against it, declaring that the plaintiff was actually partially evicted from portions of the leased premises and areas appurtenant thereto, and that the plaintiff's obligation to pay rent was and is suspended from October 2002 until the leased premises and areas appurtenant thereto are restored to the plaintiff in the same state as they were in prior to September 2002, and dismissing the counterclaims.

Ordered that the judgment is affirmed, with costs.

The salient facts concerning the plaintiff's claim that it was actually partially evicted from portions of the subject leased premises are set forth in a prior appeal (see Sterling Inv. Servs., Inc. v 1155 Nobo Assoc., LLC, 30 AD3d 579, 580 [2006]). In the prior appeal, we determined that summary judgment was improperly awarded to the defendant where the unambiguous and thoroughly negotiated lease at issue did not preclude a claim for actual partial eviction based on the defendant's conduct, and that issues of fact existed as to whether the plaintiff was ousted from portions of the leased premises and the areas appurtenant thereto. Following our determination of that appeal, the parties proceeded to trial. The issue on the instant appeal is whether the evidence adduced at trial warrants the determination made by the Supreme Court, after a nonjury trial, that the plaintiff was actually partially evicted from portions of the leased premises and areas appurtenant thereto, and that its obligation to pay rent was and is suspended from October 2002 until the leased premises and areas appurtenant thereto are restored to the plaintiff in the same state they were in prior to September 2002, and that the counterclaims must be dismissed.

Where a matter is tried without a jury, the authority of this Court on appeal "is as broad as that of the trial court . . . and . . . as to a bench trial [we] may render the judgment [we] find[ ] warranted by the facts, taking into account in a close case the fact that the trial judge had the advantage of seeing the witnesses" (Northern Westchester Professional Park Assoc. v Town of Bedford, 60 NY2d 492, 499 [1983] [internal citations and quotation marks omitted]). Where the findings of fact "rest in large measure on considerations relating to the credibility of witnesses" (Anderson v Mastrangelo, 18 AD3d 677, 677 [2005]), deference is owed to the trial court's credibility determinations

(*see Praimnath v Torres*, 59 AD3d 419, 419-420 [2009]). Based on the record before us, we discern no basis to disturb the Supreme Court's determination. Rivera, J.P., Florio, Dickerson and Austin, JJ., concur.