In the Matter of JACQUELYN KREINHEDER, as Administratrix of the Estate of LEAH JONES-KREINHEDER, Deceased, Respondent, v MATTHEW WITHIAM-LEITCH, M.D., et al., Defendants, and DENNIS M. WEPPNER, M.D., Appellant. [885 NYS2d 847]—

Appeal from an order of the Supreme Court, Erie County (Paula L. Feroleto, J.), entered February 19, 2009 in a medical malpractice action. The order, insofar as appealed from, denied the motion of defendant Dennis M. Weppner, M.D. for summary judgment.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this medical malpractice action as administratrix of the estate of her daughter (decedent) seeking damages for the wrongful death of decedent as a result of injuries that occurred during her birth. Dennis M. Weppner, M.D. (defendant) moved for summary judgment dismissing the complaint against him contending, inter alia, that he was not in any way involved in the delivery of decedent. We conclude that Supreme Court properly denied the motion inasmuch as defendant failed to meet his initial burden of establishing his entitlement to judgment as a matter of law. Although defendant asserted in a supporting affidavit that he did not play any role in the delivery, that he did not recall reviewing a fetal monitor strip, and that he did not consult with one of the codefendants, the medical records submitted in support of the motion in fact describe defendant's involvement in the delivery on three occasions and otherwise contradict the statements in defendant's affidavit (*see Brown v LaFontaine-Rish Med. Assoc.*, 295 AD2d 167 [2002]; *Gomez v Doctors Med. Ctr.*, 266 AD2d 506 [1999]; *Rotundo v S & C Magnetic Resonance Imaging*, 255 AD2d 573 [1998]). Contrary to defendant's contention, we further conclude that there are triable issues of fact whether there was an implied physician-patient relationship between defendant and decedent (*see Campbell v Haber*, 274 AD2d 946, 946-947 [2000]).

Even assuming, arguendo, that defendant met his initial

burden on the motion, we conclude that plaintiff raised a triable issue of fact with respect to defendant's participation in the allegedly erroneous interpretation of the fetal monitor strip and the allegedly negligent delivery (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Plaintiff submitted the deposition testimony of a physician who is also a named defendant in which he testified that he consulted with defendant concerning the fetal monitor strip shortly before the delivery and that he called for defendant to assist with the delivery after decedent's head had been delivered and he had determined that there was a shoulder dystocia. Plaintiff also submitted the deposition testimony of the attending nurse, who testified that she was certain that defendant attended the delivery after he was called to the delivery room to assist the aforementioned physician. Present—Hurlbutt, J.P., Martoche, Centra, Green and Gorski, JJ.