■ ERIK CRANDALL, Respondent, v WRIGHT WISNER DISTRIBUTING CORP., Appellant, and CLAUDE G. WRIGHT et al., Respondents, et al., Defendants. [887 NYS2d 737]—

Appeal from an order of the Supreme Court, Monroe County (David M. Barry, J.), entered July 7, 2008 in a personal injury action. The order, insofar as appealed from, denied in part the motion of defendant Wright Wisner Distributing Corp. for summary judgment.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this Labor Law and common-law negligence action seeking damages for injuries he sustained when he was struck by an overhead garage door while working on the floor of a truck wash bay. The bay was located on premises owned by Wright Real Estate Partnership (Wright Partnership) and leased to Wright Wisner Distributing Corp. (defendant). We conclude that Supreme Court properly denied those parts of the motion of defendant for summary judgment dismissing the Labor Law § 200 and common-law negligence causes of action against it. Although Wright Partnership hired the general contractor for the project that included construction of the truck wash bay, the project was for defendant's benefit and defendant failed to establish as a matter of law that it lacked the authority to control the allegedly defective condition of the work site (*see Capasso v Kleen All of Am., Inc.*, 43 AD3d 1346, 1347-1348 [2007]; *Riordan v BOCES of Rochester*, 4 AD3d 869, 870-871 [2004]). Contrary to the contention of defendant, the deposition testimony of its own witnesses submitted in support of the motion suggests that defendant retained control over the work site throughout the course of the project.

Defendant by its own submissions also raised a triable issue of fact whether it created the allegedly dangerous condition of the overhead garage door by controlling the electricity supplied to the door and setting the automatic timer on the door (*see Verel v Ferguson Elec. Constr. Co., Inc*, 41 AD3d 1154, 1156 [2007]). Further, defendant submitted evidence that it selected the safety devices for the door and determined not to install a safety edge to reverse the direction of the door when it encountered an obstacle. To the extent that the absence of a safety edge on the door rendered the door unsafe, there is thus an issue of fact whether defendant was responsible for the creation of that condition.

Defendant also failed to establish that it lacked actual notice of the dangerous condition (*see id.*). There is evidence in the record that, at the time of plaintiff's accident, one or more of defendant's employees knew that the door was connected to the power supply and was set to close automatically after a certain period of time. In addition, defendant by its own submissions raised a triable issue of fact whether it had constructive notice of the allegedly dangerous condition of the overhead garage door (*see id.*). Indeed, there was a delay of several weeks or months between the activation of the garage door's automatic timer and the installation of safety devices on the door and, based on that delay, there is a triable issue of fact whether defendant's employees had sufficient time to discover the dangerous condition of the door and to remedy it by, inter alia,

turning off power to the door while plaintiff was working in the truck wash bay, warning plaintiff of the presence of the timer, or switching the door to manual operation (*see Zaher v Shopwell, Inc.*, 18 AD3d 339, 341 [2005]; *see generally Gordon v American Museum of Natural History*, 67 NY2d 836, 837-838 [1986]). Finally, the contention of defendant that the court should have granted that part of the motion for summary judgment dismissing the common-law negligence cause of action based on a theory of res ipsa loquitur is not properly before us inasmuch as it is raised for the first time on appeal (*see Ciesinski v Town of Aurora*, 202 AD2d 984, 985 [1994]; *see also Hazell v Dranitzke*, 46 AD3d 619 [2007]). Present—Scudder, P.J., Martoche, Peradotto, Carni and Gorski, JJ.