▪ Anong Masilotti, as Administratrix of the Estate of Peter Masilotti, Deceased, Appellant, v Ezriel E. Kornel, M.D., Respondent, et al., Defendant. [895 NYS2d 836]—

In an action to recover damages for medical malpractice and wrongful death, etc., the plaintiff appeals from an order of the Supreme Court, Westchester County (Smith, J.), dated January 23, 2009, which granted the motion of the defendant Ezriel E. Kornel for summary judgment dismissing the complaint insofar as asserted against him.

Ordered that the order is affirmed, with costs.

The plaintiff's decedent was treated by the defendant Ezriel E. Kornel, M.D., for back pain, and that treatment included prescriptions for pain medication. Three months prior to the decedent's death due to acute mixed-drug intoxication, Kornel referred the decedent to the defendant Sathish Mogudu, M.D., for ongoing pain management. The decedent's spouse, as administrator of his estate, commenced this action against Kornel and Mogudu, alleging that the defendants were negligent in the care and treatment of the decedent, causing both conscious pain and suffering and, ultimately, death. The Supreme Court granted Kornel's motion for summary judgment dismissing the complaint insofar as against him, and the plaintiff appeals. We affirm.

" 'On a motion for summary judgment in a medical malpractice action, a defendant doctor has the burden of establishing the absence of any departure from good and accepted medical practice, or that the plaintiff was not injured thereby' " (*Germaine v Yu*, 49 AD3d 685, 686 [2008], quoting *Shahid v New York City Health & Hosps. Corp.*, 47 AD3d 800, 801 [2008]). Here, Kornel established entitlement to judgment as a matter of law through his own testimony and medical records, as well as an expert opinion establishing that there was no causal nexus between his treatment of the decedent and the decedent's death (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Thomas v Richie*, 8 AD3d 363 [2004]).

Since the plaintiff failed to differentiate Kornel's treatment of the decedent from Mogudu's treatment, and since the plaintiff failed otherwise to raise a triable issue of fact as to proximate cause, summary judgment was properly awarded to Kornel (*see Alvarez v Prospect Hosp.*, 68 NY2d at 324; *Germaine v Yu*, 49 AD3d 685 [2008]; *Shahid v New York City Health & Hosps. Corp.*, 47 AD3d 800 [2008]). Covello, J.P., Miller, Dickerson and Belen, JJ., concur.