■ GARRY BRITTON, Respondent, v JOSEPH DIPRIMA, Appellant. [900 NYS2d 205]—

Appeal from a judgment (denominated order and judgment) of the Supreme Court, Monroe County (Kenneth R. Fisher, J., for Matthew A. Rosenbaum, J.), entered January 28, 2009 in a breach of contract action. The judgment awarded money damages to plaintiff following a nonjury trial.

It is hereby ordered that the judgment so appealed from is unanimously modified on the law by providing that prejudgment interest on the award of damages with respect to the property located at 412 Thornell Road shall commence March 5, 2003 and as modified the judgment is affirmed without costs.

Memorandum: In this breach of contract action, defendant appeals from a judgment in favor of plaintiff, following a nonjury trial, awarding plaintiff damages plus interest. According to Supreme Court's findings of fact, the contract in question was an oral agreement between the parties pursuant to which plaintiff loaned defendant the sum of $33,600 to enable defendant to purchase three partially constructed houses, following which defendant was to rehabilitate them, and plaintiff, a realtor, was to sell them. When the third house was sold, defendant was to pay back the loan as well as a 10% share of the profits from the sale of the houses.

We reject the contention of defendant that the court erred in denying his pretrial motion for summary judgment dismissing the complaint on the ground that the action was brought against him individually, when he allegedly had entered into the loan agreement with plaintiff in his corporate capacity. Indeed, defendant's own submissions in support of the motion raise a triable issue of fact. Defendant asserted in his supporting affidavit that he agreed to enter into the loan agreement only as president of his corporation, but the deposition testimony of plaintiff asserting that the loan was a personal loan between friends was also submitted by defendant in support of his motion for summary judgment (*see generally Crandall v Wright Wisner Distrib. Corp.*, 66 AD3d 1515, 1516 [2009]; *Matter of Kreinheder v Withiam-Leitch*, 66 AD3d 1485 [2009]; *Kapchek v United Ref. Co., Inc.*, 57 AD3d 1521 [2008]). Although defendant contends in support of his motion that plaintiff did not present documentary proof that the loan was made to defendant individually, that contention is of no avail. It is well settled that defendant may not establish his entitlement to summary judgment by pointing to gaps in plaintiff's proof (*see Baines v G&D Ventures, Inc.*, 64 AD3d 528, 529 [2009]; *Seivert v Kingpin Enters., Inc.*, 55 AD3d 1406, 1407 [2008]; *Orcutt v American Linen Supply Co.*, 212 AD2d 979, 980 [1995]).

With respect to the bench trial, we reject defendant's contention that the court used an incorrect standard of proof in finding that plaintiff loaned the money to defendant individually, and we defer to the court's credibility determination favoring plaintiff's testimony concerning the terms of the loan (*see Sterling Inv. Servs., Inc. v 1155 NOBO Assoc., LLC*, 65 AD3d

1128, 1129-1130 [2009], *lv denied* 13 NY3d 714 [2009]; *Zeltser v Sacerdote*, 52 AD3d 824, 826 [2008]). We further reject defendant's contention that the award of interest was improper because the terms of the loan agreement did not include the payment of interest on the loan. The court properly awarded statutory interest pursuant to CPLR 5001 (a). The court erred, however, in providing that prejudgment interest on the award of damages with respect to the property located at 412 Thornell Road shall commence March 3, 2003. According to the record, that property was sold on March 5, 2003. We therefore modify the judgment accordingly.

Finally, the court did not err in awarding damages to plaintiff based on defendant's breach of the profit sharing provision of the contract. Although the complaint did not include a cause of action or claim for the breach of that contractual provision, the court's award of damages therefor was proper pursuant to CPLR 3017 (a), which provides in relevant part that "the court may grant any type of relief within its jurisdiction appropriate to the proof whether or not demanded, imposing such terms as may be just" (*see State of New York v Barone*, 74 NY2d 332, 336 [1989]; *Hartman v Whalen*, 68 AD2d 466, 469 [1979]). Because the profit sharing provision of the loan agreement was raised in the bill of particulars and was a point of contention both during pretrial depositions and at trial, there is no "indication that the defendant [was] hindered in the preparation of his case or [that he was] prevented from taking some measure in support of his position" with respect to that provision (*Loomis v Civetta Corinno Constr. Corp.*, 54 NY2d 18, 23 [1981], *rearg denied* 55 NY2d 801 [1981]; *see Miller v Perillo*, 71 AD2d 389, 391 [1979], *appeal dismissed* 49 NY2d 1044 [1980], *lv dismissed* 51 NY2d 705, 767, 770 [1980]). Present—Scudder, P.J., Centra, Carni and Pine, JJ.