■ Edward Yankus, Appellant, v James R. Kelly et al., Respondents, et al., Defendant. [900 NYS2d 120]—

In an action to recover damages for medical malpractice and lack of informed consent, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Pastoressa, J.), dated August 18, 2008, as granted that branch of the motion of the defendants James R. Kelly and Manhattan Eye, Ear, & Throat Hospital which was for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with costs.

On June 24, 1999, LASIK eye surgery was performed on the plaintiff at the defendant Manhattan Eye, Ear, & Throat Hospital (hereinafter the Hospital) by the defendant David Leventer under the supervision of the defendant James R. Kelly. Two postoperative visits revealed that the plaintiff recovered almost perfect vision in both eyes. In March 2000 the plaintiff sustained contusions to his chin and head as a result of a head-on motor vehicle collision. On July 5, 2000, the plaintiff was diagnosed with a detached retina in his left eye and underwent surgery to reattach the retina. He allegedly suffers from a severe loss of vision in his left eye.

The plaintiff commenced this action against, among others, Dr. Kelly and the Hospital (hereinafter together the defendants) to recover damages for medical malpractice and lack of informed consent. The Supreme Court granted the defendants' motion for summary judgment dismissing the complaint insofar as asserted against them. We affirm.

"The requisite elements of proof in a medical malpractice action are a deviation or departure from accepted community standards of practice and evidence that such departure was a proximate cause of injury or damage" (*Geffner v North Shore Univ. Hosp.*, 57 AD3d 839, 842 [2008]; *see Deadwyler v North Shore Univ. Hosp. at Plainview*, 55 AD3d 780, 781 [2008]). "On a motion for summary judgment, a defendant doctor has the burden of establishing the absence of any departure from good and accepted medical practice or that the plaintiff was not injured thereby. In opposition, the plaintiff must submit a physician's affidavit attesting to the defendant's departure from accepted practice, which departure was a competent producing cause of the injury. General allegations that are conclusory and unsupported by competent evidence tending to establish the essential elements of medical malpractice are insufficient to defeat summary judgment" (*Rebozo v Wilen*, 41 AD3d 457, 458 [2007] [citations omitted]; *see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324-325 [1986]; *Flanagan v Catskill Regional Med. Ctr.*, 65 AD3d 563 [2009]; *Sheenan-Conrades v Winifred Masterson Burke Rehabilitation Hosp.*, 51 AD3d 769, 770 [2008]; *Thompson v Orner*, 36 AD3d 791, 792 [2007]).

Here, the defendants established their prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against them by providing, inter alia, an expert affirmation of ophthalmologist Jay Fleischman, who concluded that the defendants did not depart from good and ac-

cepted medical practice, that there was no evidence in the literature of a causal relationship between LASIK surgery and retinal detachment caused by myopia or lattice degeneration, and that the plaintiff's retinal detachment was not the result of the LASIK surgery, but rather, of the head trauma he suffered in a car accident one year after the surgery.

In opposition to the motion, the plaintiff failed to raise a triable issue of fact with the purported affirmation of his expert (*see Alvarez v Prospect Hosp.*, 68 NY2d at 324-325), who conclusorily opined that the defendants departed from good and accepted medical care, but failed to address Dr. Fleischman's opinions that there was no evidence of a causal relationship between the LASIK surgery and the plaintiff's injury, or that the plaintiff's car accident was the proximate cause of the retina detachment (*see Viola v Blanco*, 1 AD3d 506, 507 [2003]; *Lyons v McCauley*, 252 AD2d 516, 517 [1998]).

The plaintiff's remaining contentions are without merit.

Accordingly, the Supreme Court properly granted that branch of the defendants' motion which was for summary judgment dismissing the cause of action alleging medical malpractice insofar as asserted against them. Moreover, since the plaintiff cannot establish proximate cause, the defendants also were entitled to summary judgment dismissing the second cause of action alleging lack of informed consent insofar as asserted against them (*see Viola v Blanco*, 1 AD3d at 507; *Mondo v Ellstein*, 302 AD2d 437, 438 [2003]). Rivera, J.P., Angiolillo, Balkin and Leventhal, JJ., concur.