■ HELEN C. BELAK-REDL et al., Appellants, v WILLIAM E. BOL-LENGIER et al., Respondents. [903 NYS2d 508]—

In an action, inter alia, to recover damages for medical malpractice, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Dutchess County (Brands, J.), dated May 15, 2009, as granted the separate motions of the defendants William E. Bollengier and Vassar Brothers Medical Center for summary judgment dismissing the complaint insofar as asserted against each of them and granted that branch of the motion of the defendants Matthew S. Klein and North American Partners in Anesthesia, LLP, which was for summary judgment dismissing the complaint insofar as asserted against the defendant Matthew S. Klein.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs to the respondents appearing separately and filing separate briefs.

The plaintiffs commenced this action, inter alia, to recover damages for medical malpractice. They alleged, among other things, that the plaintiff Helen Belak-Redl sustained a brachial plexus injury of her right arm during lung surgery performed by the defendant surgeon, William E. Bollengier, with the assistance of the defendant anesthesiologist, Matthew S. Klein, at

the defendant Vassar Brothers Medical Center (hereinafter VBMC). Allegedly, the injury was caused by the improper positioning or repositioning of Belak-Redl during the procedure.

The Supreme Court properly awarded summary judgment dismissing the complaint insofar as asserted against Dr. Bollengier and Dr. Klein. "On a motion for summary judgment in a medical malpractice action, a defendant doctor has the burden of establishing the absence of any departure from good and accepted medical practice, or that the plaintiff was not injured thereby" (*Shahid v New York City Health & Hosps. Corp.*, 47 AD3d 800, 801 [2008]; *see Swezey v Montague Rehab & Pain Mgt., P.C.*, 59 AD3d 431, 433 [2009]; *Germaine v Yu*, 49 AD3d 685, 686 [2008]). Dr. Bollengier and Dr. Klein each made a prima facie showing of entitlement to judgment as a matter of law by proffering their own affidavits, in which they opined, to a reasonable degree of medical certainty, that the care and treatment each of them provided to Belak-Redl did not depart from good and accepted medical practice (*see Swezey v Montague Rehab & Pain Mgt., P.C.*, 59 AD3d at 433; *Videnovic v Goodman*, 54 AD3d 937, 939-940 [2008]). In opposition thereto, the plaintiffs failed to raise a triable issue of fact (*see generally Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). The expert affirmation proffered by the plaintiffs was speculative and, thus, did not raise a triable issue of fact (*see Dessources v Good Samaritan Hosp.*, 65 AD3d 1008, 1010 [2009]; *Boutin v Bay Shore Family Health Ctr.*, 59 AD3d 368, 370 [2009]; *Kane v Ausubel*, 44 AD3d 717 [2007]).

Further, the Supreme Court properly granted VBMC's motion for summary judgment dismissing the complaint insofar as asserted against it. VBMC made a prima facie showing that it was not vicariously liable for any alleged acts or omissions of Dr. Bollengier or Dr. Klein by demonstrating that those defendants were not VBMC employees (*see Hill v St. Clare's Hosp.*, 67 NY2d 72, 79 [1986]; *Fiorentino v Wenger*, 19 NY2d 407, 414 [1967]), and that VBMC had not made any representations or engaged in any conduct which would allow for the imposition of vicarious liability under a theory of ostensible or apparent agency (*see Thurman v United Health Servs. Hosps., Inc.*, 39 AD3d 934, 935-936 [2007]; *King v Mitchell*, 31 AD3d 958, 959 [2006]). In opposition thereto, the plaintiffs failed to raise a triable issue of fact (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]).

The plaintiffs' remaining contentions are without merit. Santucci, J.P., Angiolillo, Dickerson and Austin, JJ., concur.