■ DANIEL R. WALL, Appellant, v FLUSHING HOSPITAL MEDICAL CENTER et al., Respondents. [912 NYS2d 77]—

In an action to recover damages for medical malpractice, the plaintiff appeals from (1) an order of the Supreme Court, Queens County (O'Donoghue, J.), dated September 30, 2009, which granted the defendants' motion for summary judgment dismissing the complaint, and (2) a judgment of the same court entered October 29, 2009, which, upon the order, is in favor of the defendants and against the plaintiff dismissing the complaint.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is modified, on the law, by deleting the provision thereof which is in favor of the defendants Flushing Hospital Medical Center and Todd Freeman, and

against the plaintiff dismissing the complaint insofar as asserted against those defendants; as so modified, the judgment is affirmed, without costs or disbursements, that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against the defendants Flushing Hospital Medical Center and Todd Freeman is denied, and the order dated September 30, 2009, is modified accordingly.

The appeal from the order dated September 30, 2009, must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho*, 39 NY2d 241 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

On October 17, 2005, the plaintiff suffered a laceration to his right upper thigh when he fell from a ladder and was impaled upon a wrought iron fence while cleaning gutters at a friend's house. He was brought by that friend to the defendant Flushing Hospital Medical Center (hereinafter the hospital), where he was treated by the defendant Todd Freeman, a certified registered physician's assistant. Freeman testified at his deposition that he thoroughly explored the plaintiff's wound before closing it with 25 sutures.

On October 27, 2005, the plaintiff returned to the hospital for a third time, having returned in the interim on October 19, 2005, for a wound check. The plaintiff indicated that his pain had increased. He was once again treated by Freeman, who removed the sutures, drained a hematoma, and prescribed an antibiotic. The defendant Sherban Pavlovici, M.D., was the attending physician who oversaw Freeman's care of the plaintiff on that last visit.

Two days after having the sutures removed at the hospital, the plaintiff sought care at North Shore/Long Island Jewish University Hospital (hereinafter North Shore) in Syosset, where three pieces of fabric were removed from the wound in the emergency room. Thereafter, surgery was performed to further explore the wound. The plaintiff remained at North Shore until October 31, 2005.

In a medical malpractice action, a defendant moving for summary judgment has " 'the burden of establishing the absence of any departure from good and accepted medical practice, or that the plaintiff was not injured thereby' " (*Belak-Redl v Bollengier*, 74 AD3d 1110, 1111 [2010], quoting *Shahid v New York City Health & Hosps. Corp.*, 47 AD3d 800, 801 [2008]; *see Fotiou v Goodman*, 74 AD3d 1140, 1141 [2010]; *Swezey v Montague*

*Rehab & Pain Mgt., P.C.*, 59 AD3d 431, 433 [2009]; *Larsen v Loychusuk*, 55 AD3d 560, 561 [2008]; *Rebozo v Wilen*, 41 AD3d 457, 458 [2007]; *Thompson v Orner*, 36 AD3d 791, 792 [2007]). In order to sustain this burden, the defendant must address and rebut any specific allegations of malpractice set forth in the plaintiff's bill of particulars (*see Grant v Hudson Val. Hosp. Ctr.*, 55 AD3d 874 [2008]; *Terranova v Finklea*, 45 AD3d 572 [2007]; *Ward v Engel*, 33 AD3d 790 [2006]; *Ticali v Locascio*, 24 AD3d 430 [2005]; *Berkey v Emma*, 291 AD2d 517 [2002]; *Drago v King*, 283 AD2d 603 [2001]).

Here, the plaintiff alleged in his bills of particulars that the defendants were negligent "in their care and treatment of the plaintiff, in improperly treating a laceration which the plaintiff had sustained in the back of his thigh by improperly cleaning and irrigating the wound, in improperly administering 25 sutures, in failing to remove pieces of the plaintiff's clothing from the wound and stitching the clothing into the plaintiff's wound." The defendants' expert's affirmation failed to address all of these allegations, and his opinions were conclusory as to the allegations that the hospital and Freeman deviated from the accepted standard of care. Consequently, it was improper for the Supreme Court to award summary judgment to the hospital and Freeman (*see LaVecchia v Bilello*, 76 AD3d 548 [2010]; *Castro v New York City Health & Hosps. Corp.*, 74 AD3d 1005 [2010]; *Vincini v Insel*, 1 AD3d 351 [2003]). In light of this determination, it is unnecessary to review the sufficiency of the plaintiff's opposition as it relates to Freeman and the hospital (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]; *LaVecchia v Bilello*, 76 AD3d 548 [2010]; *Castro v New York City Health & Hosps. Corp.*, 74 AD3d 1005 [2010]; *Vincini v Insel*, 1 AD3d 351 [2003]). Accordingly, the Supreme Court should have denied that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against those defendants.

However, with respect to Pavlovici, the Supreme Court properly determined that the defendants made a prima facie showing of entitlement to judgment as a matter of law. The defendants' submissions established that Pavlovici did not deviate or depart from accepted medical practice as an attending physician overseeing Freeman's treatment of the plaintiff on October 27, 2005 (*see Swezey v Montague Rehab & Pain Mgt., P.C.*, 59 AD3d at 433-434; *Rebozo v Wilen*, 41 AD3d at 459; *Thompson v Orner*, 36 AD3d at 791-792). In opposition thereto, the plaintiff failed to raise a triable issue of fact (*see Yankus v Kelly*, 72 AD3d 1068, 1070 [2010]; *Shectman v Wilson*, 68 AD3d 848, 850

[2009]; *Flanagan v Catskill Regional Med. Ctr.*, 65 AD3d 563, 566 [2009]; *Swezey v Montague Rehab & Pain Mgt., P.C.*, 59 AD3d at 434). Accordingly, the Supreme Court correctly granted that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against Pavlovici. Rivera, J.P., Angiolillo, Roman and Sgroi, JJ., concur.