In an action to recover damages for medical malpractice, the plaintiff appeals (1) from an order of the Supreme Court, Westchester County (Colabella, J.), dated June 29, 2011, which granted the motion of the defendants County of Westchester, Westchester County Healthcare Corp., Westchester Medical Center, and George Hagopian for summary judgment dismissing the complaint insofar as asserted against them, (2), as limited by her brief, from so much of an order of the same court dated December 2, 2011, as, upon reargument, adhered to the original determination in the order dated June 29, 2011, and (3) from a judgment of the same court dated December 2, 2011, which, upon the order dated December 2, 2011, is in favor of the defendants County of Westchester, Westchester County Healthcare Corp., Westchester Medical Center, and George Hagopian, and against her, dismissing the complaint insofar as asserted against those defendants.
Ordered that the appeal from the order dated June 29, 2011, is dismissed, as that order was superseded by the order dated December 2, 2011, made upon reargument; and it is further,
Ordered that the appeal from the order dated December 2, 2011, is dismissed; and it is further,
*607 Ordered that the judgment is affirmed; and it is further,
Ordered that one bill of costs is awarded to the respondents.
The appeal from the intermediate order dated December 2, 2011, must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see Matter of Aho, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order dated December 2, 2011, are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501 [a] [1]).
Upon reargument, the defendants County of Westchester, Westchester County Healthcare Corp., Westchester Medical Center, and George Hagopian (hereinafter collectively the respondents) established their prima facie entitlement to judgment as a matter of law by submitting evidence which demonstrated the absence of any departure from good and accepted medical practice, and that, in any event, any alleged departure was not a proximate cause of the plaintiffs injury (see Swezey v Montague Rehab & Pain Mgt., P.C., 59 AD3d 431, 433 [2009]; Germaine v Yu, 49 AD3d 685, 686 [2008]; Breland v Jamaica Hosp. Med. Ctr., 49 AD3d 789, 790 [2008]; Shahid v New York City Health & Hosps. Corp., 47 AD3d 800, 801 [2008]). In opposition, the plaintiff failed to raise a triable issue of fact (see CPLR 3212 [b]; see generally Alvarez v Prospect Hosp., 68 NY2d 320 [1986]).
The plaintiffs remaining contentions are without merit.
Accordingly, upon reargument, the Supreme Court properly adhered to its original determination granting the respondents’ motion for summary judgment dismissing the complaint insofar as asserted against them. Dillon, J.P, Balkin, Leventhal and Hall, JJ., concur.