Order, Supreme Court, New York County (Joan B. Lobis, J.), entered September 20, 2012, which denied defendants Columbia Presbyterian Medical Center also known as New York Presbyterian Hospital, Angela Lignelli, M.D. and Alan John Silver, M.D.’s motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
In an action premised upon medical malpractice, a defendant doctor establishes prima facie entitlement to summary judgment when he or she demonstrates that in treating the plaintiff either there was no departure from good and accepted medical practice or that any departure was not the proximate cause of the injuries alleged (Scalisi v Oberlander, 96 AD3d 106, 120 [1st Dept 2012]; Roques v Noble, 73 AD3d 204, 206 [1st Dept 2010]; *526 Thurston v Interfaith Med. Ctr., 66 AD3d 999, 1001 [2d Dept 2009]; Myers v Ferrara, 56 AD3d 78, 83 [2d Dept 2008]; Germaine v Yu, 49 AD3d 685 [2d Dept 2008]; Rebozo v Wilen, 41 AD3d 457, 458 [2d Dept 2007]; Williams v Sahay, 12 AD3d 366, 368 [2d Dept 2004]). Once the defendant meets his burden it is incumbent on the plaintiff, if summary judgment is to be averted, to rebut the defendant’s prima facie showing (Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]). The plaintiff cannot rebut defendant’s prima facie showing simply with “[gjeneral allegations of medical malpractice, merely conclusory and unsupported by competent evidence” (id. at 325).
Here, defendant Lignelli seeks summary judgment on the ground that with regard to the cervical CT myelogram performed upon plaintiff, she neither positioned the needle immediately prior to the injection of the dye nor injected the dye, the acts which allegedly caused injury to plaintiff. However, although Lignelli and defendant Silver’s testimony support Lignelli’s assertion, at plaintiffs deposition—the transcript of which was submitted by Lignelli in support of her motion— plaintiff unequivocally testified that she remained awake during her procedure and that Lignelli performed the procedure in its entirety. Specifically, when asked, “And are you aware of who inserted that needle,” plaintiff responded, “Yes, Dr. Lignelli, and the other doctor was putting the needle in the position.” Plaintiffs reference to the “other doctor” was to Dr. Silver, who she said was in another room while the procedure was being performed. Thereafter, plaintiff was asked, “So, after Dr. Lignelli said that she has experience and that she knew what she was doing, what happened then,” and plaintiff responded, “She put the dye in.” Accordingly, plaintiffs testimony creates a triable issue of fact with respect to whether Lignelli performed the procedure. Therefore Ligenelli fails to establish prima facie entitlement to summary judgment on the ground that she did not perform the acts constituting the malpractice alleged.
To the extent that Carmen Jahre, defendants’ expert neuroradiologist, stated that Silver, in performing the cervical CT myelogram upon plaintiff, did not depart from accepted standards of care, Silver established prima facie entitlement to summary judgment. Specifically, within her affidavit Jahre described the appropriate way to perform a cervical CT myelogram and stated that, based on her review of records, including Silver’s deposition testimony, Silver followed the proper procedure and therefore “comported with the acceptable standard of care.”
However, the affidavit of Robert Glassberg, plaintiffs’ expert neuroradiologist, submitted in opposition to defendants’ mo *527 tion, established that in performing the myelogram upon the plaintiff, Silver departed from good and accepted standards of medical practice. Specifically, Glassberg stated that “the needle was advanced too far and entered the actual cervical spinal cord in which the contrast was injected causing an immediate stroke and damage.” Glassberg further stated that “there were several opportunities for the improper positioning [of the needle] to have been recognized in time to avoid the injection of the dye: [specifically] bloody rather than clear [cerebral spinal fluid] . . . fluroscopic image-guidance, and tactile sensation.” Glassberg thus concludes that Silver departed from good and accepted standards of practice. Accordingly, plaintiff raises an issue of fact with respect to whether Silver committed malpractice, warranting denial of Silver’s motion for summary judgment.
We have considered appellants’ remaining arguments and find them unavailing.
Concur—Gonzalez, EJ., Sweeny, Renwick, Manzanet-Daniels and Román, JJ.