Matter of Mental Hygiene Legal Serv. v Zucker (2022 NY Slip Op 04216)

Matter of Mental Hygiene Legal Serv. v Zucker

2022 NY Slip Op 04216

Decided on June 30, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:June 30, 2022

534647
[*1]In the Matter of Mental Hygiene Legal Service, on Behalf of Lucas R. et al., Infants, Respondent,
v
Howard Zucker, as Commissioner of Health, et al., Appellants.

Calendar Date:June 1, 2022

Before:Clark, J.P., Pritzker, Reynolds Fitzgerald, Ceresia and Fisher, JJ.

Letitia James, Attorney General, Albany (Kathleen M. Treasure of counsel), for appellants.
Sheila E. Shea, Mental Hygiene Legal Service, Albany (Cailin Connors Brennan of counsel), for respondent.

Ceresia, J.
Appeal from a judgment of the Supreme Court (Lynch, J.), entered November 15, 2021 in Albany County, which, among other things, converted an action into a combined proceeding pursuant to CPLR article 78 and action for declaratory judgment and granted petitioner's motion for summary judgment.
Lucas R. and Theodore F. are children with multiple neurological and psychiatric disorders. In 2020 and 2021, Lucas R.'s and Theodore F.'s parents submitted applications for their children to be admitted into residential treatment facilities (hereinafter RTFs). Respondent Office of Mental Health (hereinafter OMH) denied those applications, concluding in each instance that care and treatment in an RTF could not reasonably be expected to improve the child's condition or prevent further regression. Thereafter,petitioner, on behalf of the children, brought the instant action for declaratory and injunctive relief, seeking a declaration that applicants for admission to an RTF must be afforded notice and an opportunity to be heard by way of a fair hearing upon denial of an application,and that failing to provide such was a violation of due process.
Following joinder of issue, petitioner moved for summary judgment and respondents cross-moved for summary judgment dismissing the complaint. Supreme Courtgranted petitioner's motion and denied respondents' cross motion, finding that an applicant for placement in an RTF is entitled to due process upon denial of the application and, thus, must be afforded notice and an opportunity to be heard. The court further found, however, that the granting of the petition would not provide complete relief in light of respondents' assertion that formal rule-making was necessary before a hearing could be conducted, a process that the court noted had both an open-ended timeline and an uncertain outcome. As a result, the courtconverted the matter to a combined CPLR article 78 proceeding and declaratory judgment actionand directed respondents to approve Lucas R.'s application, finding that he met the requirements for admission to an RTF.[FN1] Respondents appeal.
While not challenging Supreme Court's finding that applicants are entitled to due process upon denial of admission to an RTF, respondents assert that the court exceeded its authority in sua sponte reviewing the merits of Lucas R.'s application and directing approval thereof. We agree. As a general matter,"[a] court may grant any type of relief within its jurisdiction appropriate to the proof whether or not demanded, imposing such terms as may be just" (CPLR 3017 [a]; see CPLR 104). However, "[w]hile a court's equitable powers are broad indeed, they are not without limit" (Burns v Burns, 174 AD3d 570, 571 [2019]).
In reaching the determination that Lucas R. had met the requirements for admission to an RTF, Supreme Court relied solely upon aletter from his treatment providersexplaining his circumstances and recommending admission, without affording respondents an [*2]opportunity to rebut this evidence or otherwise address the reasons for the denial of Lucas R.'s application. It is our view that, under these circumstances, the court exceeded its authority in directing respondents to grant Lucas R. admission to an RTF (see Tarsel v Trombino, 167 AD3d 1462, 1464 [2018]; Sudit v Labin, 148 AD3d 1073, 1076 [2017]; compare Britton v Diprima, 71 AD3d 1560, 1562 [2010]). As further factual development of the record is necessary to warrant such relief, we hereby remit this matter to OMH to conduct a fair hearing for Lucas R. within 30 days of the date of this decision. Acknowledging that there are presently no regulations in place governing the procedure for the hearing to which Lucas R. is entitled, we direct OMH to conduct this hearing in accordance with the fair hearing process set forth in 18 NYCRR subpart 358-5.
Clark, J.P., Pritzker, Reynolds Fitzgerald and Fisher, JJ., concur.
ORDERED that the judgment is modified, on the law, without costs, by reversing so much thereof as directed respondents to grant Lucas R.'s application for admission into a residential treatment facility; respondent Office of Mental Health is directed to conduct a hearing in connection with its denial of Lucas R.'s application within 30 days of the date of this decision, in accordance with the fair hearing process set forth in 18 NYCRR subpart 358-5; and, as so modified, affirmed.

Footnotes

Footnote 1: During the pendency of this matter, Theodore F. relocated and no longer resides within the state. As such, Supreme Court directed respondents to grant Lucas R.'s application only, and respondents' appeal is limited in that regard.