THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* C. VINCENT RICCARDI, Appellant.

Argued January 9, 1941; decided March 6, 1941.

*Peter L. F. Sabbatino* and *Edward J. Fontana* for appellant.

*John J. Bennett, Jr., Attorney-General* (*John R. O'Hanlon* and *Ambrose V. McCall* of counsel), for respondent.

LOUGHRAN, J. By leave of a judge of this court, the defendant appeals from an affirmance of a judgment convicting him of the crime of grand larceny in the first degree. The People charged that he had fraudulently induced the complainant to transfer to him property of the value of $2,851.72 by color or aid of false representations or pretenses. (See Penal Law, § 1290.) The representations as laid in the indictment included assertions as to the character or quality of certain mining properties of Holmes Western Consolidated Mines, Inc., and assertions as to the extent of holdings of the capital stock of that corporation by the defendant and his associates. Whether such representations and not something else had prevailed upon the complainant was a close question, but a majority of the court are satisfied that the verdict of guilty had an adequate basis in the evidence.

Hoval A. Smith, a mining engineer, was a witness for the defendant. He testified to his belief that the mining properties of Holmes Western Consolidated Mines, Inc., possessed great future potential value. Counsel for the People then produced a private written report in respect of those properties that had been made at one time by Morris J. Elsing. Mr. Smith acknowledged that he knew of Mr. Elsing as a mining engineer and that he had seen this report. Over objection and exception by the defendant, the People on further cross-examination of Mr. Smith read to the witness the detailed conclusions set forth in the report of

Mr. Elsing. These were essentially contradictory of the testimony Mr. Smith had given on his direct examination. When he was asked whether he agreed with Mr. Elsing, the answer of Mr. Smith was: " That is his opinion. He has a perfect right to say that the property was not any good * * * I am merely giving my opinion as to the properties. I deem them very valuable, as I have stated here. Mr. Elsing, he has a different view point, by those summarizations."

In overruling the defendant's objections to all this, the trial judge said: " The rules of evidence provide that when an expert takes the stand and gives an opinion, he may * * * be shown other books and other opinions and asked whether he agrees with the other books or the opinions therein contained." It is impossible to sustain this broad ruling.

The extracts from Mr. Elsing's report that were read on Mr. Smith's cross-examination were not offered in impeachment of any testimony of the witness respecting this report. No reference to the report had been made by Mr. Smith on his examination in chief. (Cf. *McEvoy* v. *Lommel*, 78 App. Div. 324, 327. See 6 Wigmore on Evidence [3d ed.], § 1700, pp. 18, 19.) In effect, the People were allowed to use the factual deductions of the absent Mr. Elsing as self-probative direct contradictions of Mr. Smith's evidence for the defendant. So wide a breach of the rule against hearsay cannot be dismissed as an unsubstantial error on this record.

The judgments should be reversed and a new trial ordered. (See 285 N. Y. 775.)

LEHMAN, Ch. J., FINCH, CONWAY and DESMOND, JJ., concur; RIPPEY and LEWIS, JJ., dissent on the ground that the error was not prejudicial.

Judgments reversed, etc.