■ LEON ALLEN et al., Appellants, v DWIGHT C. BLUM et al., Defendants, and DANIEL H. COHEN, Respondent. [623 NYS2d 133] —In an action to recover damages for personal injuries based on medical malpractice, etc., the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Henry, J.), dated August 17, 1993, which granted the motion of the defendant Daniel H. Cohen for summary judgment dismissing the complaint insofar as asserted against him.

Ordered that the order is reversed, on the law, with costs, the motion is denied, and the complaint is reinstated as to the defendant Daniel H. Cohen.

The proponent of a motion for summary judgment must make a prima facie showing of entitlement to judgment as a matter of law, with sufficient evidence to eliminate any material issues of fact *(see, Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851, 853; *Wertheimer v Paley,* 137 AD2d 680). The failure to do so requires denial of the motion, regardless of the sufficiency of the papers in opposition *(see, Winegrad v New York Univ. Med. Ctr., supra; Graber v Zwanger,* 175 AD2d 911).

Here, the respondent offered the affidavit of an expert stating that the respondent's treatment of the plaintiff Leon Allen was consistent with the accepted standards of neurology in the community, and did not contribute to, exacerbate, or cause any of Mr. Allen's claimed injuries. Such bare conclusory allegations failed to refute the specific factual allegations of medical malpractice in the bills of particulars, and are insufficient to establish entitlement to judgment as a matter of law *(see, Delprete v Victory Mem. Hosp.,* 191 AD2d 673; *Graber v Zwanger, supra; Montalbano v North Shore Univ. Hosp.,* 154 AD2d 579). Sullivan, J. P., Miller, Copertino, Joy and Friedmann, JJ., concur.