■ RICHARD S. COUSE, Appellant, v LA TORRE ORTHOPEDIC LABORATORY, INC., Respondent. [633 NYS2d 240] —Mercure, J. P. Appeal from an order of the Supreme Court (Ingraham, J.), entered June 14, 1994 in Otsego County, which granted

defendant's motion for summary judgment dismissing the complaint.

Following the surgical removal of plaintiff's left leg in June 1987, plaintiff's physician referred him to defendant for the fitting and installation of a prosthesis. Defendant furnished plaintiff first with a temporary and then with a permanent leg prosthesis. In November 1989, plaintiff sustained a fractured vertebra when he leaned over to pick up an object on his lawn. Plaintiff commenced this action in January 1993, alleging that the fracture and subsequent back problems were caused by defendant's negligence in preparing and installing a prosthesis of incorrect length. Following joinder of issue, service of a bill of particulars and discovery, defendant moved for summary judgment upon the merits and based upon the defense of the Statute of Limitations. Finding in favor of defendant on both grounds, Supreme Court granted defendant's motion and dismissed the complaint. Plaintiff now appeals.

We affirm. Even assuming, *arguendo*, that the complaint asserts a malpractice cause of action and that plaintiff has made a prima facie showing that the Statute of Limitations was tolled by virtue of the continuous treatment doctrine (*see,* CPLR 214-a; *Baker's Serv. v Robinson,* 85 AD2d 811), we agree with Supreme Court's determination on the merits. Defendant sustained its initial burden on the summary judgment motion by coming forward with sworn statements of an orthopedic surgeon and a certified prosthetist, setting forth the opinions that defendant's sizing of the prosthesis did not deviate from accepted practice and was not the proximate cause of his injuries (*see, Bloom v City of New York,* 202 AD2d 465). Plaintiff's response consisted only of his own affidavit, stating the belief that the prosthesis fabricated by defendant caused his 1989 back injury, unsworn physicians' examination notations and reports, and sworn office records of M & M Prosthetic Associates, Inc. Notably absent is any competent medical opinion that defendant was guilty of malpractice. Plaintiff having proffered no excuse for his failure to produce sworn expert opinion, his showing will not give rise to a material issue of fact (*see, Alvarez v Prospect Hosp.,* 68 NY2d 320, 327; *Conti v Albany Med. Ctr. Hosp.,* 159 AD2d 772, 775, *lv denied* 76 NY2d 702). We expressly reject the contention that plaintiff could satisfy his burden without the opinion of a qualified expert (*see, supra*).

Crew III, Yesawich Jr., Peters and Spain, JJ., concur. Ordered that the order is affirmed, without costs.