■ CORY B. BICKOM, Appellant, v DAVID M. BIERWAGEN, PT, Individually and as an Agent, Officer and/or Employee of Orthopedic Rehabilitation Services, PT, PC, et al., Respondents. [852 NYS2d 542]—

Appeal from an order and judgment (one paper) of the Supreme Court, Onondaga County (Edward D. Carni, J.), entered October 2, 2006 in a medical malpractice action. The order and judgment granted defendants' motion for summary judgment dismissing the complaint.

It is hereby ordered that the order and judgment so appealed from is unanimously reversed on the law with costs, the motion is denied and the complaint is reinstated.

Memorandum: Plaintiff commenced this action seeking damages for injuries he allegedly sustained as the result of a deep tissue massage performed by defendant Janet Murphy, PT, a licensed physical therapist, during a physical therapy session. Supreme Court erred in granting defendants' motion seeking summary judgment dismissing the complaint. Defendants met their initial burden by submitting evidence that Murphy did not deviate from accepted standards of care in her treatment of plaintiff and that, in any event, the deep tissue massage did not cause plaintiff's injuries (*see generally Couse v La Torre Orthopedic Lab.*, 221 AD2d 709, 710 [1995]). Plaintiff, however, raised triable issues of fact with respect to Murphy's alleged departure from the standard of care and the proximate cause of plaintiff's injuries by submitting the affidavit of his expert, a physician specializing in physical medicine and rehabilitation (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Contrary to the court's determination, we conclude that, although plaintiff's expert is not a licensed physical therapist, he

is nevertheless "possessed of the requisite skill, training, education, knowledge or experience from which it can be assumed that [his] opinion rendered [on the issues of negligence and proximate cause] is reliable" (*Matter of Enu v Sobol*, 171 AD2d 302, 304 [1991]; *cf. Kirker v Nicolla*, 256 AD2d 865, 866-867 [1998]; *see generally Robertson v Greenstein*, 308 AD2d 381, 382 [2003], *lv dismissed* 2 NY3d 759 [2004]; *Farkas v Saary*, 191 AD2d 178, 180-181 [1993]). Present—Scudder, P.J., Martoche, Smith, Green and Gorski, JJ.