■ Isis Lowhar, Appellant, v Eva Stern 500, LLC, et al., Defendants, and New York Methodist Hospital et al., Respondents. [894 NYS2d 490]—

In an action, inter alia, to recover damages for medical malpractice, the plaintiff appeals from a judgment of the Supreme Court, Kings County (Steinhardt, J.), dated May 14, 2008, which, upon an order of the same court dated April 4, 2008, granting the motion of the defendants New York Methodist Hospital, New York Methodist Hospital Family Health Center, and Park Slope Pediatric Medicine, P.C., for summary judgment dismissing the complaint insofar as asserted against them, dismissed the complaint insofar as asserted against those defendants.

Ordered that the judgment is affirmed, with costs.

The infant plaintiff, by her mother, commenced this action, inter alia, to recover damages for medical malpractice against, among others, the defendants New York Methodist Hospital, New York Methodist Hospital Family Health Center, and Park Slope Pediatric Medicine, P.C. (hereinafter collectively the medical defendants). The infant plaintiff alleged that she had been diagnosed with lead poisoning, and that she had sustained injuries as a result of the poisoning. She claimed, inter alia, that the medical defendants committed medical malpractice by failing to properly screen and test her for lead poisoning prior to the diagnosis. The medical defendants moved for summary judgment dismissing the complaint insofar as asserted against them. The Supreme Court granted the medical defendants' motion. We affirm.

" 'The requisite elements of proof in a medical malpractice action are a deviation or departure from accepted community standards of practice and evidence that such departure was a proximate cause of injury or damage' " (*Flanagan v Catskill Regional Med. Ctr.*, 65 AD3d 563, 565 [2009], quoting *Geffner v North Shore Univ. Hosp.*, 57 AD3d 839, 842 [2008]). " 'On a

motion for summary judgment, a defendant doctor has the burden of establishing the absence of any departure from good and accepted medical practice or that the plaintiff was not injured thereby' " (*Flanagan v Catskill Regional Med. Ctr.*, 65 AD3d at 565, quoting *Rebozo v Wilen*, 41 AD3d 457, 458 [2007]). " 'In opposition, the plaintiff must submit a physician's affidavit attesting to the defendant's departure from accepted practice, which departure was a competent producing cause of the injury' " (*Flanagan v Catskill Regional Med. Ctr.*, 65 AD3d at 565, quoting *Rebozo v Wilen*, 41 AD3d at 458).

Here, the medical defendants established their prima facie entitlement to judgment as a matter of law by submitting evidence demonstrating that their care and treatment of the infant plaintiff, specifically the manner in which they screened and tested her for elevated blood lead levels, did not depart from good and accepted medical practices. In opposition, the plaintiff failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Accordingly, the Supreme Court properly granted the medical defendants' motion for summary judgment dismissing the complaint insofar as asserted against them. Skelos, J.P., Santucci, Dickerson and Roman, JJ., concur. **[Prior Case History: 2008 NY Slip Op 31097(U).]**