■ ANONYMOUS et al., Appellants, v WYCKOFF HEIGHTS MEDICAL CENTER et al., Defendants, and NAGENDRA SAGAR KATARI, Respondent. [902 NYS2d 147]—In an action to recover damages for medical malpractice, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Pines, J.), dated July 31, 2008, as granted the motion of the defendant Nagendra Sagar Katari for summary judgment dismissing the complaint insofar as asserted against him.

Ordered that the order is affirmed insofar as appealed from, with costs.

"The requisite elements of proof in a medical malpractice action are a deviation or departure from accepted community standards of practice and evidence that such departure was a proximate cause of injury or damage. On a motion for summary judgment, a defendant doctor has the burden of establishing the absence of any departure from good and accepted medical

practice or that the plaintiff was not injured thereby. In opposition, the plaintiff must submit a physician's affidavit attesting to the defendant's departure from accepted practice, which departure was a competent producing cause of the injury. General allegations that are conclusory and unsupported by competent evidence tending to establish the essential elements of medical malpractice are insufficient to defeat summary judgment" (*Flanagan v Catskill Regional Med. Ctr.*, 65 AD3d 563, 565 [2009] [internal quotation marks and citations omitted]; *see Lowhar v Eva Stern 500, LLC*, 70 AD3d 654, 654-655 [2010]).

Here, the defendant Nagendra Sagar Katari established his prima facie entitlement to judgment as a matter of law by submitting, inter alia, an expert physician's affirmation asserting that he did not deviate from the relevant standard of care. In opposition, the plaintiffs' expert submissions failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Shahid v New York City Health & Hosps. Corp.*, 47 AD3d 800, 802 [2008]; *Rebozo v Wilen*, 41 AD3d 457, 459 [2007]; *Thompson v Orner*, 36 AD3d 791, 792 [2007]). Accordingly, the Supreme Court properly granted Katari's motion for summary judgment dismissing the complaint insofar as asserted against him. Dillon, J.P., Santucci, Hall and Lott, JJ., concur.