■ Steven Heller, Individually and as Administrator of the Estate of Gail Heller, Deceased, Appellant, v Jed Jacob Weinberg, M.D., et al., Respondents. [909 NYS2d 477]—In an action to recover damages for medical malpractice, etc., the plaintiff appeals from (1) an order of the Supreme Court, Suffolk County (Spinner, J.), dated August 10, 2009, which granted those branches of the motion of the defendants Jed Jacob Weinberg, West Carver Medical Associates, P.C., Paul K. Brodsky, and Alan Schuller, and the separate motion of the defendants Hollace Jackson and Hollace Jackson, M.D., F.A.C.O.G., P.C., which were for summary judgment dismissing the complaint insofar as asserted against each of them, (2) a judgment of the same court entered September 23, 2009, which is in favor of the defendants Hollace Jackson, and Hollace Jackson, M.D., F.A.C.O.G., P.C., and against them, dismissing the complaint insofar as asserted against those defendants, and (3) a judgment of the same court entered October 28, 2009, which is in favor of the defendants Jed Jacob Weinberg, West Carver Medical Associates, P.C., Paul K. Brodsky, and Alan Schuller and against them, dismissing the complaint insofar as asserted against those defendants.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgments are affirmed; and it is further,

Ordered that one bill of costs is awarded to the respondents appearing separately and filing separate briefs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgments in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeals from the judgments (*see* CPLR 5501 [a] [1]).

The requisite elements of proof in a medical malpractice action are a deviation or departure from accepted community standards of practice and evidence that such departure was a proximate cause of injury or damage (*see Dolan v Halpern*, 73 AD3d 1117 [2010]; *Anonymous v Wyckoff Hgts. Med. Ctr.*, 73 AD3d 1104 [2010]; *Dunn v Khan*, 62 AD3d 828, 829 [2009]; *Rosen v John J. Foley Skilled Nursing Facility*, 45 AD3d 558, 559 [2007]). On a motion for summary judgment, a defendant doctor has the burden of establishing the absence of any departure from good and accepted medical practice or that the

plaintiff was not injured thereby (see *Dolan v Halpern*, 73 AD3d at 1117; *Anonymous v Wyckoff Hgts. Med. Ctr.*, 73 AD3d at 1104; *Murray v Hirsch*, 58 AD3d 701 [2009]; *Shahid v New York City Health & Hosps. Corp.*, 47 AD3d 800, 801 [2008]). "In opposition, a plaintiff must submit evidentiary facts or materials to rebut the defendant's prima facie showing, so as to demonstrate the existence of a triable issue of fact" (*Deutsch v Chaglassian*, 71 AD3d 718, 719 [2010]; see *Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Shichman v Yasmer*, 74 AD3d 1316 [2010]). General allegations that are conclusory and unsupported by competent evidence tending to establish the essential elements of medical malpractice are insufficient to defeat summary judgment (see *Shectman v Wilson*, 68 AD3d 848, 849 [2009]; *Sheenan-Conrades v Winifred Masterson Burke Rehabilitation Hosp.*, 51 AD3d 769, 770 [2008]; *Shahid v New York City Health & Hosps. Corp.*, 47 AD3d at 801; *Perro v Schappert*, 47 AD3d 694, 694-695 [2008]).

Here, the defendants established their prima facie entitlement to judgment as a matter of law by submitting, inter alia, expert physicians' affirmations asserting that they did not deviate from the relevant standard of care. In opposition, the plaintiff's expert submissions failed to raise a triable issue of fact (see *Murray v Hirsch*, 58 AD3d at 701; *Myers v Ferrara*, 56 AD3d 78, 83-86 [2008]; *Shahid v New York City Health & Hosps. Corp.*, 47 AD3d at 801; *Mosezhnik v Berenstein*, 33 AD3d 895, 897 [2006]). Accordingly, the Supreme Court properly granted the defendants' respective motions for summary judgment dismissing the complaint insofar as asserted against each of them. Dillon, J.P., Florio, Roman and Sgroi, JJ., concur.