◼ PETER SHANK et al., Respondents, v BRIAN MEHLING et al., Defendants, and EXCEL REHABILITATION & SPORTS THERAPY, Appellant. [922 NYS2d 495]—

In an action, inter alia, to recover damages for medical malpractice, etc., the defendant Excel Rehabilitation & Sports

Therapy appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Spinner, J.), dated March 19, 2010, as denied that branch of its motion which was for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the motion of the defendant Excel Rehabilitation & Sports Therapy which was for summary judgment dismissing the complaint insofar as asserted against it is granted.

On February 20, 2005, the plaintiff Peter Shank (hereinafter the plaintiff) accidentally cut the flexor tendon in his right thumb with a knife. The plaintiff sought treatment at a hospital emergency room, and later that day, the defendant Dr. Brian Mehling operated on the plaintiff's thumb to repair the flexor tendon. At a followup visit to Dr. Mehling's office nine days later, the plaintiff was given a prescription for physical therapy. On the following day, the plaintiff began treatment at a facility operated by the defendant Excel Rehabilitation & Sports Therapy (hereinafter Excel). About two weeks later, on March 16, 2005, Dr. Mehling's office gave the plaintiff a second prescription for physical therapy. Although the first prescription called for the use of passive range-of-motion exercises, the second prescription added active range-of-motion and strengthening exercises to enable the plaintiff's thumb to acquire a wider range of motion. About a month later, on April 15, 2005, Dr. Mehling performed a second surgical procedure to remove scar tissue which was limiting the plaintiff's range of motion.

The plaintiff and his wife, suing derivatively, subsequently commenced this action alleging, inter alia, that Excel's therapists had administered overly aggressive therapy, and had failed to communicate with the plaintiff's treating physician to determine an appropriate therapy plan. The plaintiff alleged that this negligence had necessitated his second surgery, and resulted in permanent injury to his right thumb. After depositions had been conducted, Excel moved, among other things, for summary judgment dismissing the complaint insofar as asserted against it, and the Supreme Court, inter alia, denied that branch of its motion. We reverse the order insofar as appealed from.

Since the plaintiff's claim against Excel sounds in professional malpractice, in order to establish its entitlement to judgment as a matter of law, Excel was required to make a prima facie showing that it did not deviate from good and accepted standards of physical therapy practice, or that any such deviation was not a proximate cause of the plaintiff's injuries (*see*

*Bickom v Bierwagen,* 48 AD3d 1247 [2008]; *Kirker v Nicolla,* 256 AD2d 865, 866 [1998]; *cf. Stukas v Streiter,* 83 AD3d 18 [2d Dept 2011]; *Graziano v Cooling,* 79 AD3d 803, 804 [2010]). Excel sustained this burden through the submission of deposition testimony, medical records, and the affidavit of its president, a licensed physical therapist. These evidentiary submissions demonstrated that the treatment provided by Excel's physical therapists was consistent with the instructions set forth in the prescriptions issued by Dr. Mehling's office, and did not deviate from good and accepted physical therapy practices (*see Bickom v Bierwagen,* 48 AD3d 1247 [2008]; *Sloane v Repsher,* 263 AD2d 906, 908 [1999]). Excel's submissions also demonstrated, prima facie, that, in any event, the physical therapy was not a proximate cause of the plaintiff's second surgery, which was performed to remove scar tissue, or the alleged permanent injuries to his thumb. In opposition to the motion, the plaintiffs failed to raise a triable issue of fact. The affidavit of the plaintiffs' expert was insufficient to raise a triable issue of fact because he was a physician specializing in hand surgery, and did not indicate that he possessed the requisite education, training, or experience necessary to offer an opinion as to whether Excel deviated from accepted standards of care in the field of physical therapy (*see Bickom v Bierwagen,* 48 AD3d at 1247-1248; *Kirker v Nicolla,* 256 AD2d at 867). In any event, even if the expert was qualified to offer an opinion as to whether Excel's physical therapists deviated from accepted standards of care, his affidavit was insufficient to raise a triable issue of fact as to whether the alleged overly aggressive administration of physical therapy was a proximate cause of the plaintiff's second surgery or any further injuries to his thumb. Dillon, J.P., Florio, Balkin and Eng, JJ., concur.