■ HERBERT ARCHER, Respondent, v FARHAD HAERI et al., Appellants. (And a Third-Party Action.) [936 NYS2d 559]—

Contrary to the defendants' contention, the Supreme Court properly denied their motion for summary judgment dismissing the complaint. In order to establish liability for professional malpractice, a plaintiff must prove that the defendants deviated or departed from accepted community standards of practice and that such departure was a proximate cause of the plaintiff's injuries (*see Stukas v Streiter*, 83 AD3d 18, 23 [2011]; *Heller v Weinberg*, 77 AD3d 622 [2010]). On their motion for summary judgment, the defendants had the burden of establishing the absence of any departure from good and accepted standards of physical therapy practice or that the plaintiff was not injured thereby (*see Shank v Mehling*, 84 AD3d 776, 777 [2011]; *Heller v Weinberg*, 77 AD3d at 622-623). In opposition, a plaintiff must

submit evidentiary facts or materials to rebut the defendants' prima facie showing, so as to demonstrate the existence of a triable issue of fact (see Stukas v Streiter, 83 AD3d at 24).

Here, the defendants failed to meet their initial burden of demonstrating their prima facie entitlement to judgment as a matter of law. The affidavit of their expert, submitted in support of their motion, was insufficient to demonstrate that they did not depart from good and accepted standards of physical therapy practice or that the plaintiff was not injured thereby (see Kuri v Bhattacharya, 44 AD3d 718 [2007]; Allen v Blum, 212 AD2d 562 [1995]). Therefore, the defendants' motion for summary judgment was properly denied, regardless of the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]).

Contrary to the defendants' contention, the Supreme Court properly granted the plaintiff's cross motion for leave to serve an amended bill of particulars, since the proposed amendments did not result in prejudice or surprise to the defendants (see Adams v Jamaica Hosp., 258 AD2d 604, 605 [1999]; Scheuerman v Health & Hosps. Corp. of City of N.Y., 243 AD2d 553, 554 [1997]; Fick v LaGuardia Med. Group, 208 AD2d 800, 801 [1994]). Mastro, A.P.J., Florio, Balkin and Chambers, JJ., concur.