■ MICHAEL CAGGIANO et al., Respondents, v DAVID COOLING, Appellant, et al., Defendants. [938 NYS2d 329]

To establish liability for medical malpractice, a plaintiff must prove that the defendant deviated or departed from accepted community standards of practice, and that such departure was a proximate cause of the plaintiff's injuries (see *Stukas v Streiter*, 83 AD3d 18, 23 [2011]; *Heller v Weinberg*, 77 AD3d 622 [2010]). On a motion for summary judgment, a defendant has the burden of establishing the absence of any departure from good and accepted medical practice or that the plaintiff was not injured thereby (see *Heller v Weinberg*, 77 AD3d at 622-623). In determining a motion for summary judgment, the court must view the evidence in the light most favorable to the nonmoving party (see *Stukas v Streiter*, 83 AD3d at 23).

Here, the appellant failed to satisfy his prima facie burden of establishing his entitlement to judgment as a matter of law because he failed to demonstrate that he did not depart or deviate from accepted medical practice or that any alleged departure was not a proximate cause of the alleged injury. Since the appellant failed to meet his burden, the burden did not shift to the plaintiffs, and the sufficiency of the plaintiffs' opposition papers need not be considered (see *Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

Accordingly, the Supreme Court properly denied the appellant's motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against him. Florio, J.P., Chambers, Hall and Miller, JJ., concur. **[Prior Case History: 2011 NY Slip Op 30193(U).]**