■ XIAO YAN CHEN et al., Appellants, v MAIMONIDES MEDICAL CENTER et al., Respondents, et al., Defendant. [960 NYS2d 199]—

In an action to recover damages for medical malpractice, etc., the plaintiffs appeal from an order and judgment (one paper) of the Supreme Court, Kings County (Knipel, J.), dated February 6, 2012, which granted the motion of the defendants Maimonides Medical Center and Lim H. Tse for summary judgment dismissing the complaint insofar as asserted against those defendants, and is in favor of the defendants Maimonides Medical Center and Lim H. Tse and against them dismissing the complaint insofar as asserted against those defendants.

Ordered that the order and judgment is reversed, on the law, with costs, the complaint is reinstated insofar as asserted against the defendants Maimonides Medical Center and Lim H. Tse, and the motion of the defendants Maimonides Medical Center and Lim H. Tse for summary judgment dismissing the complaint insofar as asserted against them is denied.

In October 2009, the plaintiff Xiao Yan Chen (hereinafter the injured plaintiff) went to the office of the defendant physician, Lim H. Tse, and reported that a home-pregnancy test indicated that she was pregnant. Tse performed a transvaginal ultrasound, but no fetus was observed. Tse explained to the injured plaintiff that it was possible that she had a potentially physically harmful condition known as ectopic pregnancy, and he referred her

to the emergency room of the defendant Maimonides Medical Center (hereinafter Maimonides). After additional testing was performed at Maimonides, it was recommended that the injured plaintiff be injected with Methotrexate, a substance which would abort any pregnancy. This procedure was then carried out.

Subsequently, after the injured plaintiff consulted other physicians, she came to believe that her pregnancy had been a normal, intrauterine pregnancy. The injured plaintiff, and her husband suing derivatively, then commenced this action against, among others, Tse and Maimonides (hereinafter together the moving defendants), alleging that they committed malpractice by misdiagnosing her pregnancy as ectopic, and by recommending that she abort the pregnancy. The Supreme Court granted the moving defendants' motion for summary judgment dismissing the complaint.

"In order to establish the liability of a physician for medical malpractice, a plaintiff must prove that the physician deviated or departed from accepted community standards of practice, and that such departure was a proximate cause of the plaintiff's injuries" (*Stukas v Streiter*, 83 AD3d 18, 23 [2011]; *see Caggiano v Cooling*, 92 AD3d 634 [2012]). In moving for summary judgment dismissing a complaint alleging medical malpractice, the defendant must establish, prima facie, either that there was no departure or that any departure was not a proximate cause of the plaintiff's injuries (*see Faicco v Golub*, 91 AD3d 817, 818 [2012]; *Stukas v Streiter*, 83 AD3d at 24). Once such a showing has made, the burden shifts to the plaintiff to demonstrate the existence of a triable issue of fact (*see Savage v Quinn*, 91 AD3d 748, 750 [2012]), but only as to the elements on which the defendant met the prima facie burden (*see Stukas v Streiter*, 83 AD3d at 30).

Here, the moving defendants established their prima facie entitlement to judgment as a matter of law through, inter alia, Tse's deposition testimony and the affirmation of a physician, specializing in obstetrics and gynecology, who opined that the care rendered to the injured plaintiff was "in accordance with accepted medical practice." However, in opposition thereto, the plaintiffs raised triable issues of fact. In particular, in the opinion of the plaintiffs' expert, the record did not reveal that the injured plaintiff was exhibiting symptoms of an ectopic pregnancy when she presented at Maimonides and, thus, the decision to abort at that time was a departure from accepted practice.

"Summary judgment is not appropriate in a medical malpractice action where the parties adduce conflicting medical expert

opinions. Such credibility issues can only be resolved by a jury" (*Feinberg v Feit*, 23 AD3d 517, 519 [2005] [citations omitted]; *see Deutsch v Chaglassian*, 71 AD3d 718, 719 [2010]; *Colao v St. Vincent's Med. Ctr.*, 65 AD3d 660, 661 [2009]).

Accordingly, the moving defendants' motion for summary judgment should have been denied (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]). In light of this conclusion, it is unnecessary to reach the plaintiffs' remaining contentions. Eng, P.J., Angiolillo, Sgroi and Hinds-Radix, JJ., concur.