In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Westchester County (Lefkowitz, J.), dated December 5, 2011, which granted the motion of the defendants Jeffrey Marc Kaufman and Jeffrey M. Kaufman Architects, LLC, pursuant to CPLR 7503 (a) to compel arbitration and stay all proceedings in this action.
Ordered that the order is affirmed, with costs.
Contrary to the plaintiff’s contention, the Supreme Court properly granted the motion of the defendants Jeffrey Marc Kaufman and Jeffrey M. Kaufman Architects, LLC (hereinafter together the respondents), pursuant to CPLR 7503 (a) to compel arbitration and stay all proceedings in this action. The subject agreement contained a broad arbitration clause expressly stating that “[a]ny claim, dispute or other matter in question arising out of or related to” the agreement, not resolved by mediation, “shall be subject to arbitration.” The agreement was “clear, explicit, and unequivocal and established a valid agreement to arbitrate” (Shah v Monpat Constr., Inc., 65 AD3d 541, 544 [2009]; see Matter of Smith Barney Shearson v Sacharow, *976 91 NY2d 39, 49-50 [1997]; Matter of Prinze [Jonas], 38 NY2d 570, 577 [1976]; Matter of Weinrott [Carp], 32 NY2d 190, 198 [1973]; Anderson St. Realty Corp. v New Rochelle Revitalization, LLC, 78 AD3d 972, 974-975 [2010]).
We reject the plaintiffs contention that the agreement was void as against public policy because the respondents were not licenced in architecture at the time that they entered into the agreement with the plaintiff (see Charlebois v Weller Assoc., 72 NY2d 587, 591, 593-595 [1988]; see also Matter of Jaidan Indus. v M.A. Angeliades, Inc., 97 NY2d 659, 661 [2001]).
The plaintiff’s remaining contentions are without merit. Rivera, J.E, Balkin, Dickerson and Cohen, JJ., concur.