DIANE WELSH et al., Appellants, v PERFECT RENOVATION, CORP., et al., Defendants/Third-Party Plaintiffs-Respondents, et al., Defendants. ARNOLD LUDWIG, as Temporary Administra-

tor for PULASKI-SIROTA ASSOCIATES, Also Known as PULASKI AND SIROTA, CONSULTING ENGINEERS, Third-Party Defendant-Appellant. [11 NYS3d 196]—

In an action, inter alia, to recover damages for breach of contract and restitution, the plaintiffs appeal from so much of an order of the Supreme Court, Kings County (Demarest, J.), dated April 29, 2013, as denied that branch of their cross motion which was for summary judgment on their sixth cause of action insofar as asserted against the defendants/third-party plaintiffs Perfect Renovation, Corp. and Nadav Mazor, and granted that branch of the motion of the defendants/third-party plaintiffs Perfect Renovation, Corp. and Nadav Mazor which was for summary judgment dismissing the sixth cause of action insofar as asserted against them, and the third-party defendant, Arnold Ludwig, as temporary administrator for Pulaski-Sirota Associates, also known as Pulaski and Sirota, Consulting Engineers, appeals from so much of an order of the same court dated September 24, 2014, as, upon renewal, adhered to its prior determination, in the order dated April 29, 2013, denying those branches of his motion which were for summary judgment dismissing the causes of action in the third-party complaint alleging professional engineering malpractice and seeking common-law indemnification.

Ordered that the orders are affirmed insofar as appealed from, with one bill of costs to the defendants/third-party plaintiffs Perfect Renovation, Corp. and Nadav Mazor, payable by the plaintiffs, and one bill of costs to the defendants/third-party plaintiffs Perfect Renovation, Corp. and Nadav Mazor, payable by the third-party defendant.

The plaintiffs retained the defendant/third-party plaintiff Perfect Renovation, sued herein as Perfect Renovation, Corp. (hereinafter Perfect Renovation) in 2007 to restore and renovate their home (hereinafter the project). The project proceeded. However, after disputes arose, the plaintiffs terminated their agreement with Perfect Renovation, and commenced this action against Perfect Renovation and its principal, the defendant/third-party plaintiff Nadav Mazor, among others. In the sixth cause of action, the plaintiffs sought to recover damages for restitution, alleging, inter alia, that Perfect Renovation and Mazor illegally practiced architecture on the project, and did not possess the requisite home improvement contractor license, in violation of, among other things, the New

York City Administrative Code, the Education Law, and the General Business Law. The plaintiffs sought to recover all monies paid to Perfect Renovation and Mazor thus far.

Contrary to the plaintiffs' contention, the Supreme Court correctly denied their cross motion for summary judgment on their sixth cause of action insofar as asserted against Perfect Renovation and Mazor, because the plaintiffs failed to meet their initial burden of establishing their prima facie entitlement to judgment as a matter of law (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851 [1985]; *Zuckerman v City of New York*, 49 NY2d 557 [1980]). Further, in opposition to the showing by Perfect Renovation and Mazor of their prima facie entitlement to judgment as a matter of law dismissing the sixth cause of action insofar as asserted against them, the plaintiffs failed to raise a triable issue of fact.

The record shows, among other things, that Perfect Renovation was the duly registered trade name for Beyond Perfect Painting, Inc. (hereinafter Beyond Perfect), and that Beyond Perfect had a home improvement contracting license with Perfect Renovation listed as its trade name. Administrative Code of the City of New York § 20-113 permits Beyond Perfect to engage in home improvement contract work under its trade name, with its home improvement contractor license. Further, Beyond Perfect has a statutory right to make and enforce contracts entered into in its trade name (*see* General Business Law § 130; *Matter of Harmon v Ivy Walk Inc.*, 48 AD3d 344, 347 [2008]). The record also shows that all architectural services for the project were conducted by a licensed and registered architect and, therefore, no illegal practice of architecture took place on the subject project (*see Charlebois v Weller Assoc.*, 72 NY2d 587 [1988]; *Matter of McIver-Morgan, Inc. v Dal Piaz*, 108 AD3d 47 [2013], *affd* 22 NY3d 1104 [2014]; *Rothberg v Kaufman*, 106 AD3d 975 [2013]). Accordingly, the Supreme Court properly awarded summary judgment to Perfect Renovation and Mazor dismissing the sixth cause of action insofar as asserted against them. In reviewing the plaintiffs' contentions regarding the sixth cause of action, we have not considered the evidence they improperly submitted to the Supreme Court for the first time with their reply papers (*see Master v Boiakhtchion*, 122 AD3d 589 [2014]).

"In order to establish liability for professional malpractice, a plaintiff must prove that the defendant[ ] deviated or departed from accepted community standards of practice and that such departure was a proximate cause of the plaintiff's injuries" (*Archer v Haeri*, 91 AD3d 685, 685 [2012]; *see Shank v Mehling*,

84 AD3d 776, 777 [2011]; *Stukas v Streiter*, 83 AD3d 18, 23 [2011]; *Heller v Weinberg*, 77 AD3d 622 [2010]). The third-party defendant, Arnold Ludwig, as temporary administrator for Pulaski-Sirota Associates, also known as Pulaski and Sirota, Consulting Engineers (hereafter Pulaski-Sirota), which is an engineering firm that was hired by Perfect Renovation to prepare certain structural design plans for the project, contends that the branch of Pulaski-Sirota's motion which was to dismiss so much of the third-party complaint as alleged professional engineering malpractice against it should have been granted. Contrary to Ludwig's contention, Pulaski-Sirota failed to demonstrate its prima facie entitlement to judgment as a matter of law. The conclusory affidavit of Pulaski-Sirota's expert, submitted in support of the motion, was insufficient to demonstrate that it did not depart from good and accepted professional engineering standards (*see Carnovali v Sher*, 121 AD3d 552 [2014]; *Lormel v Macura*, 113 AD3d 734 [2014]; *Archer v Haeri*, 91 AD3d at 686). Therefore, the branch of Pulaski-Sirota's motion which was for summary judgment dismissing so much of the third-party complaint as alleged professional engineering malpractice against it was properly denied, regardless of the sufficiency of the opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

Ludwig's remaining contention is without merit. Balkin, J.P., Roman, Maltese and Barros, JJ., concur.

---

Motion by the defendants Richard Alan Goodstein and Richard Alan Goodstein Architect, PLLC, for leave to serve and file a brief, or, in the alternative, to strike portions of the brief filed by the plaintiffs-appellants that raise issues concerning them. By decision and order on motion of this Court dated April 28, 2014, that branch of the motion which is to strike the portions of the brief filed by the plaintiffs-appellants that raise issues concerning the defendants Richard Alan Goodstein and Richard Alan Goodstein Architect, PLLC, was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.

Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the argument of the appeal, it is

Ordered that the motion is denied. Balkin, J.P., Roman, Maltese and Barros, JJ., concur.