Sapienza v Tromba (2025 NY Slip Op 04672)

Sapienza v Tromba

2025 NY Slip Op 04672

Decided on August 13, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 13, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
WILLIAM G. FORD
HELEN VOUTSINAS
LOURDES M. VENTURA, JJ.

2023-07935
 (Index No. 724856/20)

[*1]Linda Sapienza, appellant,
v
Joseph Tromba, et al., respondents.

Arnold E. DiJoseph, P.C., Staten Island, NY (Arnold E. DiJoseph III of counsel), for appellant.
Barker Patterson Nichols, LLP, Garden City, NY (Joshua R. Cohen of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for medical malpractice, the plaintiff appeals from an order of the Supreme Court, Queens County (Peter J. O'Donoghue, J.), dated June 12, 2023. The order granted the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is modified, on the law, by deleting the provision thereof granting that branch of the defendants' motion which was for summary judgment dismissing so much of the causes of action as were premised upon the defendants' treatment of the plaintiff on March 16, 2020, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed, with costs to the plaintiff.
On March 16, 2020, the plaintiff sought treatment for nausea, constipation, and vomiting from the defendant Joseph Tromba and was examined at Tromba's medical office at the defendant Long Island Gastroenterology, P.C. On March 23, 2020, the medical office was closed pursuant to the emergency declaration in New York State during the COVID-19 pandemic, but Tromba spoke to the plaintiff on the telephone on April 1, April 3, and April 6, 2020. On April 6, 2020, the plaintiff presented to a hospital and underwent emergency surgery for a bowel obstruction.
In December 2020, the plaintiff commenced this action, inter alia, to recover damages for medical malpractice. In her amended bill of particulars, the plaintiff alleged, among other things, that the defendants failed to perform a complete physical examination, failed to order certain diagnostic testing, failed to promptly advise the plaintiff to go to an emergency room, and failed to advise the plaintiff of the importance of an X-ray.
Thereafter, the defendants moved for summary judgment dismissing the complaint, contending, inter alia, that they were immune from liability pursuant to the Emergency or Disaster Treatment Protection Act (EDTPA) (Public Health Law former §§ 3080-3082, repealed by L 2021, ch 96, § 1). In support of their motion, the defendants submitted, among other things, transcripts of the deposition testimony of Tromba and the plaintiff, and the defendants' medical records for the plaintiff. In opposition, the plaintiff argued, inter alia, that the EDTPA was not applicable under the [*2]facts and circumstances of this case and the repeal of the EDTPA in April 2021 was retroactive. The Supreme Court granted the defendants' motion. The plaintiff appeals.
Initially, contrary to the plaintiff's contention, the repeal of the EDTPA does not apply retroactively (see Damon v Clove Lakes Healthcare & Rehabilitation Ctr., Inc., 228 AD3d 618, 619; Hasan v Terrace Acquisitions II, LLC, 224 AD3d 475; Whitehead v Pine Haven Operating LLC, 222 AD3d 104; Ruth v Elderwood at Amherst, 209 AD3d 1281).
"[T]he EDTPA initially provided, with certain exceptions, that a health care facility 'shall have immunity from any liability, civil or criminal, for any harm or damages alleged to have been sustained as a result of an act or omission in the course of arranging for or providing health care services' as long as three requirements were met: the services were arranged for or provided pursuant to a COVID-19 emergency rule or otherwise in accordance with applicable law, the act or omission was impacted by decisions or activities that were in response to or as a result of the COVID-19 outbreak and in support of the State's directives, and the services were arranged or provided in good faith" (Damon v Clove Lakes Healthcare & Rehabilitation Ctr., Inc., 228 AD3d at 619, quoting Public Health Law former § 3082[1]; see Mera v New York City Health & Hosps. Corp., 220 AD3d 668, 669). Public Health Law former § 3082 did not qualify "how treatment must be affected—whether positively, negatively, or otherwise—it merely require[d] that treatment be impacted" (Holder v Jacob, 231 AD3d 78, 85 [internal quotation marks omitted]). Moreover, it did not require that the plaintiff's treatment be uniquely impacted as compared to other patients, or identify any particular aspect of, or the materiality of any aspect of, the plaintiff's treatment that must be impacted to warrant a finding that the immunity statute is applicable (see id.; Crampton v Garnet Health, 73 Misc 3d 543, 558 [Sup Ct, Orange County]).
Here, when viewed in the light most favorable to the plaintiff as the nonmoving party (see Jacobsen v New York City Health & Hosps. Corp., 22 NY3d 824, 833; Caggiano v Cooling, 92 AD3d 634), the defendants' submissions in support of their motion for summary judgment failed to establish, prima facie, that the treatment of the plaintiff on March 16, 2020, was impacted by the defendants' decisions or activities that were in response to or as a result of the COVID-19 outbreak and in support of the State's directives. On March 16, 2020, the defendants' offices were not yet closed, and Tromba saw the plaintiff in his office and conducted a physical examination of the plaintiff. Contrary to the defendants' contentions, on this record, there is no indication that the COVID-19 outbreak impacted Tromba's creation of a treatment plan for the plaintiff on March 16, 2020. Accordingly, the Supreme Court should have denied that branch of the defendants' motion which was for summary judgment dismissing so much of the causes of action as were premised upon the defendants' treatment of the plaintiff on March 16, 2020, without regard to the sufficiency of the opposition papers on this issue (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853; see also Damon v Clove Lakes Healthcare & Rehabilitation Ctr., Inc., 228 AD3d at 619).
Nevertheless, the defendants established, prima facie, that the three requirements for immunity were satisfied with respect to their treatment of the plaintiff on April 1, April 3, and April 6, 2020 (see generally Public Health Law former § 3082[1]; Lara v S & J Operational, LLC, 237 AD3d 1186; Mera v New York City Health & Hosps. Corp., 220 AD3d at 669; Crampton v Garnet Health, 73 Misc 3d at 560). Tromba testified at his deposition that from March 23, 2020, through May 2020, his office was closed pursuant to the emergency declaration and he was "dealing with" his patients "as well as [he could] without seeing them physically." Regarding the plaintiff specifically, Tromba testified that he could not see her in his office due to the COVID-19 pandemic and her reticence to leave the house. He also testified that he wanted the plaintiff to go for an X-ray in order to see the quantity of stool in her bowel. However, due to the COVID-19 pandemic, the only place that the plaintiff could obtain an X-ray was an emergency room. The plaintiff testified at her deposition, among other things, that she did not want to go for an X-ray because she had COPD, her husband had emphysema, and it "was in the middle of COVID." Although she also testified that she would have gone for an X-ray if she thought it would have helped her, she nevertheless testified that this "was when COVID was going on" and she "didn't even know where [she] could get an X-ray at that point." This testimony was sufficient to establish, prima facie, that the plaintiff's treatment on April 1, April 3, and April 6, 2020, was impacted by decisions or [*3]activities that were in response to or as a result of the COVID-19 outbreak and in support of the State's directives (cf. Holder v Jacob, 231 AD3d at 88 [holding that the proof submitted in support of the defendants' motion pursuant to CPLR 3211(a)(7) to dismiss the complaint did not conclusively establish the impact on the treatment rendered to that plaintiff specifically]).
In opposition, the plaintiff's submissions, including her affidavit and an affirmation of Maxwell Chait, a gastroenterologist, failed to raise a triable issue of fact as to whether the requirements for immunity were satisfied with respect to the defendants' treatment of the plaintiff on April 1, April 3, and April 6, 2020. Chait primarily opined as to the defendants' alleged departures from the standard of care in treating the plaintiff. However, the EDTPA provided immunity for such departures so long as its requirements were met (see Public Health Law former § 3082[1]; Crampton v Garnet Health, 73 Misc 3d at 558). Likewise, the plaintiff's averments that, despite the COVID-19 pandemic, she would have gone anywhere Tromba told her to go and she would have gone for an X-ray if Tromba had told her that an X-ray was important, at most, raised questions of fact that are relevant as to whether the defendants departed from the standard of care and whether any such alleged departures were a proximate cause of the plaintiff's injuries. None of the plaintiff's submissions raised questions of fact as to whether the defendants' office was in fact closed due to the COVID-19 pandemic during the relevant time period, or whether the plaintiff could have obtained an X-ray outside of the emergency room during the relevant time period, or otherwise raised a triable issue of fact as to whether the defendants' treatment of the plaintiff on April 1, April 3, and April 6, 2020, was "impacted" by the COVID-19 pandemic. Accordingly, the Supreme Court properly granted those branches of the defendants' motion which were for summary judgment dismissing so much of the causes of action as were premised upon the defendants' treatment of the plaintiff on April 1, April 3, and April 6, 2020 (see generally Lara v S & J Operational, LLC, 237 AD3d 1186; Crampton v Garnet Health, 73 Misc 3d at 559-560).
CONNOLLY, J.P., FORD, VOUTSINAS and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court