Zain v Ernest L. Isaacson, DPM, P.C. (2025 NY Slip Op 05332)

Zain v Ernest L. Isaacson, DPM, P.C.

2025 NY Slip Op 05332

Decided on October 02, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 02, 2025

Before: Manzanet, J.P., Friedman, Pitt-Burke, Chan, JJ. 

Index No. 805136/21|Appeal No. 4807|Case No. 2025-00404|

[*1]Robert Zain, Plaintiff-Respondent,
v
Ernest L. Isaacson, DPM, P.C., et al., Defendants-Appellants.

Baker Patterson Nichols, LLP, Garden City (Megan A. Lawless of counsel), for appellants.
Kramer, Dunleavy & Ratchik, PLLC, New York (Jonathan R. Ratchik of counsel), for respondent.

Order, Supreme Court, New York County (John J. Kelley, J.), entered on or about January 8, 2025, which, to the extent appealed from as limited by the briefs, denied so much of defendants' motion as was to dismiss the complaint for failure to state a cause of action, unanimously affirmed, without costs.
Supreme Court properly rejected defendants' argument that they are entitled to immunity under the Emergency or Disaster Treatment Protection Act (EDTPA) (Public Health Law former §§ 3080-3082, as added by L 2020, ch 56, § 1, part GGG, eff Mar. 7, 2020, as amended by L 2020, ch 134, §§ 1-2, eff Aug. 3, 2020, and as repealed by L 2021, ch 96, § 1, eff Apr. 6, 2021). Because defendants submitted evidentiary material in support of their motion, the inquiry in this case is whether their evidence "conclusively establish[es] a defense to plaintiff's claims as a matter of law" (Holder v Jacob, 231 AD3d 78, 87 [1st Dept 2024]). Regarding the EDTPA specifically, it is defendants' burden to establish their entitlement to immunity on each date of service at issue (see Sapienza v Tromba, — AD3d —, —, 2025 NY Slip Op 04672, *2-3 [2d Dept 2025]).
Podiatrists are not specifically enumerated in the list of "health care professionals" provided by Public Health Law former § 3081(4)(a), nor do defendants fit within any of the categories described in former § 3081(4)(b), (c), (d), or (f). Neither have defendants established that they were "health care professionals" entitled to EDTPA immunity under former § 3081(4)(e) as "provid[ers of] health care services within the scope of authority permitted by a COVID-19 emergency rule." Defendants' treatment of plaintiff over the telephone on April 8, 2020 — the last date of service at issue in this case, and the only one that plausibly falls within the scope of the statute — arguably may have been "within the scope of authority permitted by a COVID-19 emergency rule." This is because the version of Public Health Law § 2999-cc in effect on that date did not allow telehealth services to be provided via "audio-only telephone communication" (subd [4]), and Executive Order (A. Cuomo) No. 202.1 (9 NYCRR 8.202.1), effective March 12, 2020, among other things, suspended Public Health Law § 2999-cc "to the extent necessary to allow additional telehealth provider categories and modalities, to permit other types of practitioners to deliver services within their scopes of practice and to authorize the use of certain technologies for the delivery of health care services to established patients." However, a "statute conferring immunity must be strictly construed" (Holder, 231 AD3d at 88). Furthermore, defendants bear the burden of conclusively establishing their defense to plaintiff's claims as a matter of law (id. at 87). Even assuming defendants were otherwise deriving the benefit of a rule change designed to facilitate health care during the COVID-19 public health emergency, they have not conclusively established that the care they provided plaintiff on April 8, 2020, which was strictly podiatric and, contrary to defendants' contention, not related to treatment of the virus, qualified as "health care services" within the meaning of the EDTPA.
We have considered defendants' remaining contentions, including with respect to earlier dates of service prior to April 8, 2020, and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 2, 2025