STERLING INVESTOR SERVICES, INC., Appellant, v 1155 NOBO ASSOCIATES, LLC, Respondent. [818 NYS2d 513]—

In an action, inter alia, for a judgment declaring that the plaintiff was actually partially evicted from a portion of the leased premises, the plaintiff appeals (1) from an order of the Supreme Court, Nassau County (Roberto, J.), dated September 14, 2004, which denied its motion for summary judgment, upon searching the record, awarded the defendant summary judgment declaring "that the plaintiff does not state a claim for actual partial eviction under the terms of the lease," and severed the counterclaim for unpaid rent, (2) from an order of the same court also dated September 14, 2004, which denied, as academic, its motion for an injunction restraining the defendant from making changes to the demised premises, and (3), as limited by its brief, from so much of an order of the same court dated May 23, 2005, as, upon reargument, adhered to the prior determinations.

Ordered that the appeals from the orders dated September 14, 2004 are dismissed, as those orders were superseded by the order dated May 23, 2005 made upon reargument; and it is further,

Ordered that the order dated May 23, 2005 is modified, on the law, by deleting the provision thereof, upon reargument, adhering to so much of the prior determination in the first order dated September 14, 2004 as searched the record and awarded summary judgment to the defendant and severed the counterclaim for unpaid rent, and substituting therefor a provision, upon reargument, vacating so much of the order dated September 14, 2004 as searched the record and awarded summary judgment to the defendant and severed the counterclaim for unpaid rent; as so modified, the order dated May 23, 2005 is affirmed insofar as appealed from, and the amended complaint is reinstated; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

On March 14, 1994 the plaintiff leased the second floor of the premises located at 1155 Northern Boulevard, Manhasset, from the defendant's predecessor-in-interest. The demised premises was approximately 8,000 square feet, and sections 18.06 and 18.07 of the lease provided the plaintiff with appurtenant rights to use, inter alia, the second-floor lunchroom, the third-floor conference room, the ground-floor reception desk area, the atrium corridor, which provided access to the front entrance of the demised premises, and underground parking spaces. Upon acquiring title to the building in March 2002, the defendant informed the plaintiff of proposed changes to the building so that other areas of the building could be rented to other tenants. These changes included the demolition or removal of the appurtenant areas listed in section 18.07 and the underground parking delineated in section 18.06 of the lease, and the relocation of the front entrance of the demised premises, and allegedly included the taking of a small portion of the demised premises where the front entrance was located, and the taking of a utility closet located within the demised premises. The defendant informed the plaintiff that it intended to temporarily relocate the appurtenant areas.

In October 2002 the plaintiff began withholding rent payments and commenced this action for a judgment declaring, inter alia, that its actual partial eviction from the demised premises suspended its obligation to pay the rent. The defendant counterclaimed for unpaid rent. The plaintiff moved for summary judgment and separately moved to enjoin the defendant from making further changes and renovations to the demised premises and the building.

The Supreme Court denied both of the plaintiff's motions, relying on the exculpatory provisions of the lease under article 19, entitled "Access, Changes in Building Facilities, Name," article 41, entitled "Subdivision of Building," and the definitions of exhibit B to the lease, particularly definition (f), which states that the phrases "no liability to the tenant" and "without liability to the tenant" mean that the tenant cannot claim an actual partial eviction. Additionally, based on its interpretation of the lease, the Supreme Court searched the record and awarded summary judgment to the defendant declaring that "the plaintiff does not state a claim for actual partial eviction under the terms of the lease, and is not entitled to a suspension of rent based thereon." The court also denied the plaintiff's motion for injunctive relief as academic and severed the counterclaim for unpaid rent.

The defendant then moved for summary judgment on its counterclaim and the plaintiff cross-moved for leave to renew and reargue. The Supreme Court denied renewal but granted reargument of the plaintiff's motions, and upon reargument, adhered to its original determinations.

The plaintiff contends that the court misinterpreted the lease. We agree.

When read as a whole (*see Matter of Bombay Realty Corp. v Magna Carta*, 100 NY2d 124, 127 [2003]; *Rentways, Inc. v O'Neill Milk & Cream Co.*, 308 NY 342, 347 [1955]), the unambiguous and thoroughly negotiated lease does not preclude a claim for actual partial eviction based on the actions of the defendant. In particular, the court erred in using definition (f) to interpret section 19.04 of the lease. Section 19.04 does not contain either phrase defined in definition (f). Rather, it contains the language "no liability on the part of Landlord" for damages arising from certain work on the premises undertaken by the landlord. Under a plain reading of the lease (*see Greenfield v Philles Records*, 98 NY2d 562, 569 [2002]), this phrase is not synonymous with "no liability to tenant" and "without liability to tenant," the terms defined in definition (f) which, when used in the lease, mean that the tenant cannot claim an actual partial eviction. Under accepted canons of contract construction, when certain language is omitted from a provision but placed in other provisions, it must be assumed that the omission was intentional (*see United States Fid. & Guar. Co. v Annunziata*, 67 NY2d 229, 233 [1986]). This construction is bolstered by the principle that exculpatory clauses are strictly construed (*see Gross v Sweet*, 49 NY2d 102, 107 [1979]). Therefore, contrary to Supreme Court's determination the plaintiff did not waive its right to claim an actual partial eviction for change or renovations to the demised premises and the appurtenances thereto. Accordingly, there is a triable issue of fact as to whether the plaintiff has a claim for an actual partial eviction under the circumstances of this case.

Furthermore, there are issues of fact as to whether the plaintiff was ousted from a portion of the demised premises and the appurtenances thereto (*see Barash v Pennsylvania Term. Real Estate Corp.*, 26 NY2d 77, 82-83 [1970]; *Whaling Willie's Roadhouse Grill, Inc. v Sea Gulls Partners, Inc.*, 17 AD3d 453 [2005]; *487 Elmwood v Hassett*, 107 AD2d 285, 287 [1985]). Therefore, the defendant was not entitled to summary judgment declaring that the plaintiff did not state a claim for an actual partial eviction under the lease.

The plaintiff's remaining contention is without merit. Crane, J.P., Ritter, Krausman and Spolzino, JJ., concur.