Robert P. Castaldi, Plaintiff,

against
Castle Restoration LLC, SATO CONSTRUCTION CO., INC., FLAG WATERPROOFING AND RESTORATION, LLC AND ANTHONY COLAO, Defendants.


605585-15

FORCHELLI DEEGAN TERRANA, LLP
Attorneys for Plaintiff
333 Earle Ovington Boulevard, Suite 1010
Uniondale, New York 11553
ABRAMS, FENSTERMAN, FENSTERMAN, EISMAN, FORMATO, FERRARA, WOLF & CARONE, LLP
Attorneys for Defendants
3 Dakota Drive, Suite 300
Lake Success, New York 11042


Elizabeth H. Emerson, J.

Upon the following papers read on this motion and cross-motion for summary judgment ; Notice of Motion and supporting papers 64-77 ; Notice of Cross Motion and supporting papers 86-101 ; Answering Affidavits and supporting papers104-107 ; Replying Affidavits and supporting papers 108 ; it is,
ORDERED that the motion by the defendants for summary judgment dismissing the complaint and the cross motion by the plaintiff for partial summary judgment on the first cause of action for breach of contract are granted to the extent indicated; and it is further
ORDERED that the motion and cross motion are otherwise denied.
The plaintiff, Robert Castaldi, was the president of Castle Restoration & Construction, Inc. ("Castle Inc."). On March 15, 2012, Castle Inc. entered into an asset-sale agreement with the defendant Castle Restoration LLC ("Castle LLC," the "LLC," or the "Company"), which was owned by the defendant Anthony Colao. Castle LLC agreed to purchase the majority of Castle Inc.'s assets, including its customer list and equipment, for $1.2 million. Simultaneously therewith, Castle LLC entered into a consulting agreement with the plaintiff. 
Castaldi agreed to perform consulting services on a part-time basis, which included, inter alia, making reasonable efforts to solicit business opportunities for the LLC and assisting in the preparation of formal bids, quotations, and proposals. The term of the agreement was one year from March 16, 2012, through March 15, 2013, and it could be extended for an additional six months at the LLC's option. If neither party terminated the agreement at the end of the term or extended term, it would automatically be extended on a month-to-month basis until either party elected to terminate it upon 30 days' written notice to the other party. The agreement provided for Castaldi's compensation as follows:
"5.1 As compensation for his services hereunder, the Consultant shall be paid a commission in the sum equal to seven and one-half (7 ½ %) of the gross amount of all contracts and purchase orders entered into by the Company or any of its affiliates, subsidiaries or related entities as a result of or through the Consultant's marketing efforts or solicitations which were instrumental in the negotiation or procurement of such contracts or purchase orders (the 'Commission').
"5.2 The Company acknowledges that the Consultant has had proposals issued, bids submitted and discussions with prospective clients for which no contracts or purchase orders had been issued by such prospective clients while he was associated with Castle Restoration and Construction Inc. (the 'Prior Dealings'). In the event the Company succeeds in entering into any contracts or purchase orders with any clients as a result of Consultant's Prior Dealings, the Company shall pay Consultant the Commissions. "5.3 The Consultant shall also be paid a Commission for any additional, repeat, or new work for which contracts or purchase orders are entered into with the same client(s) or affiliate(s) of such client(s) during the term of this agreement for which the Consultant has earned a Commission pursuant to subparagraph 5.1 or 5.2 above, irrespective as to whether or not Consultant had any involvement in the procurement or negotiation of such repeat, additional or new work with such client(s) or affiliate(s). A schedule of the Consultant's Prior Dealings is annexed hereto."
Pursuant to section 5.5(c) of the agreement, Castle LLC agreed to furnish Castaldi with a monthly report of all payments and other items credited to his account. The plaintiff never received any monthly reports, nor was he ever paid a commission. He commenced this action on May 27, 2015, alleging breach of the consulting agreement. The complaint contains two causes of action against Castle LLC for breach of contract and an accounting, respectively. The third cause of action sounds in fraudulent conveyance and alleges that the defendants Sato [*2]Construction Co., Inc. ("Sato"), Flag Waterproofing and Restoration, LLC ("Flag"), and Anthony Colao have rendered Castle LLC insolvent and unable to satisfy the plaintiff's claims. Discovery is now complete, and both sides move for summary judgment. The defendants contend that they are entitled to dismissal of the complaint because the plaintiff did not earn any commissions under the consulting agreement. Castaldi contends that he is entitled to partial summary judgment on the first cause of action for breach of contract for commissions earned in the amount of $1,139,098.30. Alternatively, he seeks summary judgment on the issue of liability on the first cause of action.
The defendants contend that Castaldi terminated the consulting agreement in a text message that he sent to Calao in May of 2013 in which he stated, "[I] am finished." The excerpt of the text message submitted by the defendants is undated and fails to identify either the sender or the recipient. The full text-message exchange submitted by the plaintiff is also undated and fails to identify the parties to the conversation, which is about setting up a meeting. Nothing therein refers to the parties' consulting agreement or even identifies who said, "[I] am finished." Accordingly, the unauthenticated text message is without evidentiary value. It is, therefore, insufficient to establish that the consulting agreement was terminated by Castaldi (cf., De Vera v 243 Suydam, LLC, 60 Misc 3d 1224[A] at *5; Matter of R.D., 58 Misc 3d 780, 786-787 [and cases cited therein]).
The defendants contend that Castaldi is not entitled to any commissions under § 5.1 of the consulting agreement. In support thereof, they rely on Castaldi's deposition testimony. Castaldi testified that he did not perform any consulting services for Castle LLC from 2014 through 2018, and he could not recall if he did any consulting in 2013. He identified only two projects on which he consulted in 2012 (the Chandler building at 42nd Street and Lexington Avenue and 1221 Rockefeller Center). Neither project was awarded to Castle LLC. The plaintiff does not dispute these facts or raise any arguments in opposition thereto. Accordingly, the court finds that the plaintiff is not entitled to a commission under § 5.1 of the consulting agreement.
The parties disagree on how to interpret § 5.2 of the consulting agreement. The plaintiff contends that he is entitled to a commission under § 5.2 as long as Castle LLC or a related entity entered into a contract or purchase order with someone on the Prior Dealings list. The defendants contend that Castaldi is entitled to a commission under § 5.2 only if someone on the Prior Dealings list entered into a contract or purchase order with Castle LLC (not any related entities) and Castaldi was personally involved in the negotiation or procurement thereof before he left the Company.
It is well settled that the court's role in interpreting contracts is to ascertain the intention of the parties at the time they entered into the contract (Evans v Famous Music Corp., 1 NY3d 452, 458). If that intent is discernible from the plain meaning of the language of the contract, there is no need to look further, and the case is ripe for summary judgment (Id., American Express Bank v Uniroyal, Inc., 164 AD2d 275, 277). On the other hand, if it is necessary to refer to extrinsic facts, which may be in conflict, to determine the intent of the parties, there is a question of fact, and summary judgment should be denied (Id.).
Section 5.2 provides that Castaldi shall be paid a commission if the Company enters into a contract or purchase order with a prospective client as a result of Castaldi's Prior Dealings. The consulting agreement defines the "Company" as "Castle Restoration LLC," and the words "or [*3]any of its affiliates, subsidiaries or related entities," which are found in § 5.1, are not found in § 5.2. Under accepted canons of contract construction, when certain language is omitted from a provision, but placed in other provisions, it must be assumed that the omission was intentional (Sterling Inv. Servs., Inc. v 1155 Nobo Assoc., LLC, 30 AD3d 579 581; see also, Uribe v Merchants Bank of NY, 91 NY2d 336, 340 ). Accordingly, the court finds that § 5.2 only applies to contracts or purchase orders on the Prior Dealing list entered into by Castle LLC. 
Contrary to the defendants' contentions, Castaldi need not show that he was personally involved in the negotiation or procurement of contracts or purchase orders on the Prior Dealings list in order to receive a commission therefor. Section 5.2 explicitly provides that "Prior Dealings" are "proposals issued, bids submitted and discussions with prospective clients [that Castaldi had] for which no contracts or purchase orders had been issued by such prospective clients while he was associated with Castle Restoration and Construction Inc." A schedule of Castaldi's Prior Dealings is annexed to the consulting agreement. Thus, any contracts or purchase orders that Castle LLC entered into that are on the Prior Dealings list are presumptively the result of Castaldi's Prior Dealings for which he is entitled to a commission. Accordingly, the plaintiff need only show that a contract or purchase order that Castle LLC entered into was on the Prior Dealings list in order to receive a commission therefor.
The plaintiff contends that, after execution of the consulting agreement, Castle LLC and Sato entered into numerous contracts or purchase order with entities on the Prior Dealings list for which he was not paid any commissions. The plaintiff submits a list of 15 contracts and purchase orders for which he contends he is owed commissions in the amount of $1,139,098.30. They are the basis of his cross-motion for partial summary judgment. The record reflects that only two of the 15 were entered into by Castle LLC. They are a contract for a project at 135 East 57th Street in New York City with architect Howard Zimmerman in the amount of $636,844.89 and a contract for a project at 155 6th Avenue in New York City with Trinity Real Estate in the amount of $33,300.00. The defendants do not dispute that Castle LLC entered into these two contracts or that they are on the Prior Dealings list. Accordingly, the plaintiff is entitled to a commission in the amount of $50,260.87 for both contracts under § 5.2 of the consulting agreement.
In view of the foregoing, the first cause of action for breach of contract is dismissed insofar as the plaintiff seeks to recover under § 5.1 of the consulting agreement, and the plaintiff is awarded partial summary judgment in the amount of $50,260.87 for breach of § 5.2 of the consulting agreement.
The defendants seek dismissal of the third cause action against Sato, Flag, and Colao on the grounds that they are not parties to the consulting agreement, nor are they alter egos of Castle LLC. The plaintiff does not raise any arguments in opposition to dismissal of the third cause of action insofar as it is asserted against Flag. He does, however, raise triable issues of fact as to whether Calao diverted Castle LLC's business and funds to Sato in order to avoid paying commissions to Castaldi. Accordingly, the third cause of action is dismissed only insofar as it is asserted against Flag. 
Finally, the defendants seeks dismissal of the second cause action for an accounting on the ground that the plaintiff has not established his entitlement to an equitable accounting. The plaintiff contends in opposition that he is not seeking an equitable accounting, but a contractual [*4]accounting pursuant to § 5.5(c) of the consulting agreement.
Insofar as the plaintiff alleges that Castle LLC never provided him with any monthly reports, he is alleging a breach of contract. Section 5.5(c) of the consulting agreement required Castle LLC to furnish Castaldi with a monthly report of all payments and other items credited to his account. The court has already determined that $50,260.87 should have been credited to the plaintiff's account, and the record reflects that the plaintiff never received any monthly reports. Accordingly, the court declines to dismiss the second cause of action. 
In sum, the defendants' motion for summary judgment is granted to the extent of dismissing the first cause of action insofar as the plaintiff seeks to recover under § 5.1 of the consulting agreement and the third cause of action insofar as it is asserted against Flag. The plaintiff's cross motion for partial summary judgment on the first cause of action is granted in the amount of $50,260.87. The motion and cross motion are otherwise denied. 
DATED:January 22, 2020
_______________________
J. S.C.