Martin v William & Cindy Abrams Family Trust (2025 NY Slip Op 03253)

Martin v William & Cindy Abrams Family Trust

2025 NY Slip Op 03253

Decided on May 29, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 29, 2025

Before: Moulton, J.P., Friedman, Scarpulla, O'Neill Levy, Michael, JJ. 

Index No. 651174/22|Appeal No. 4465-4466|Case No. 2024-03548, 2024-03558|

[*1]Teri Martin, Plaintiff-Respondent,
v
William And Cindy Abrams Family Trust, et al., Defendants-Appellants.

Sheppard, Mullin, Richter & Hampton LLP, New York (Robert S. Friedman of counsel), for appellants.
Alston & Bird LLP, New York (Scott Schirick and Joseph Tully of counsel), for respondent.

Orders, Supreme Court, New York County (Andrea Masley, J.) entered on or about May 9, 2024, which granted plaintiff's motion for summary judgment declaring that plaintiff is not required to forfeit or sell her shares in MSI Management Services, Inc. (MSI) upon her voluntary retirement from MSI and that plaintiff is entitled to receive distributions equal to those received by the other shareholders in MSI, even after her voluntary retirement from MSI, and denied defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
Supreme Court properly found that plaintiff is not required to forfeit her 25% of the closely held corporation upon her retirement, based on the plain language of the 2016 agreement between the parties, and, in particular, the provision governing plaintiff's employment. That provision does not provide for forfeiture of shares in the event of retirement, although the 2016 agreement contains express share buyback provisions in the event of death or disability elsewhere in the agreement (see Consedine v Portville Cent. School Dist., 12 NY3d 286, 293 [2009]; Sterling Inv. Servs., Inc. v 1155 Nobo Assoc., LLC, 30 AD3d 579, 581 [2d Dept 2006]). Defendants' interpretation of the provision at issue would have effected a forfeiture against plaintiff. To constitute a forfeiture, the provision would have had to contain "clearly expressed" language of forfeiture, but it did not (Lyon v Hersey, 103 NY 264, 270 [1886]).
The court expressly did not rely on parol evidence because it found the 2016 agreement unambiguous. In any event, such evidence, including the parties' use of a forfeiture provision in a prior, abandoned draft agreement, and the deposition testimony, supported the court's determination.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 29, 2025